## CALVERT v MASSIE

Ohio Appeals, 7th Dist, Monroe Co

**OPINION**

By CARTER, J.

Now, while there are claims made by the plaintiff and some of these claims are disputed by the defendant, this court is satisfied that this entire transaction including the partial transfer of the government bonds, certificate of deposit, assignment of promissory notes and purchase of automobile and making of the will of plaintiff were part and parcel of and to effectuate the oral contract which is admitted was entered into between these parties. It was a contract in which the plaintiff was to do certain things which is admitted were done and in consideration thereof, defendant was to furnish plaintiff with room, board, nursing and care necessary for him to live comfortably during the balance of his lifetime and transport plaintiff to such places as he desired to go, and pursuant to this arrangement, plaintiff moved into the home of defendant and things moved along smoothly for some months when various dissensions arose, particularly with reference to plaintiff's association with certain individuals, money matters, the locking of the doors to his room, about the meat he ate, the burning of gas, arriving late at church, the threat of calling the sheriff to quell a disturbance between the parties, culminating in a claimed assault and battery, in which the plaintiff was somewhat injured on or about his person and this is confirmed to some extent by other witnesses. Now it is the claim of the plaintiff, that the defendant did not comply with the terms of the contract in furnishing him a pleasant and comfortable home in which to live, he however, claims that for a number of months, defendant did comply with his contract and then his attitude changed and that the defendant breached the contract and by reason thereof, he is released from further performance on his part and is seeking the relief prayed for in his petition. The defendant claims that he has complied with the terms of the contract, and had done all the things required by him to be done and performed and is ready and willing to continue in the carrying out of its terms and prays that the petition be dismissed.

After a perusal of this evidence, we have, concluded as did the court below that the defendant breached this contract to the extent that the plaintiff was justified in terminating their contractual relationship and that being so the plaintiff was not required to further comply with its terms and that he is entitled to the relief which he is seeking in his petition.

As we view this case the element of gift does not enter the equation. A gift is a gratuity devoid of consideration. If a consideration is present in a transaction such could not be a gift. Smith on Personal Property, page 125, defines a gift as follows: "A gift is a voluntary, actual and immediate transfer of a thing by one living person to or for another living person and further says that voluntary in the law means with-

out consideration. It is essential to a gift that the donor must have a present intention of renouncing all right to and dominion over the thing given without power of revocation and must deliver possession to or for the donee."

Measuring the case at bar by this yardstick, one could not witn the wildest imagination give such the status of a gift. The bonds and certificate of deposit were changed at the request of the plaintiff to both the plaintiff and defendant or the survivor, the notes although indicating an absolute assignment were however, assigned, according to the evidence to the defendant for the purpose of collection and not for the purpose of effectuating a present gift of them. The evidence indicates that these notes were turned over to the defendant but for the purpose of collection.

The same author, Smith on Personal Property, page 129, says that to be effectual as a gift the possession must be given with intent to part with the property in the thing, and as between the parties at least, an assignment may be conditional.

As to the will, certainly no vested right could accrue to the defendant as no right could accrue to a legatee under a will until the death of the testator, as the testator has the power of revocation at any time, provided he has at the time of such revocation testamentary capacity.

Now as to the automobile, the court below decreed the automobile to the defendant, finding that it was a gift to him. In this we cannot concur. The purchase of this automobile was principally for the purpose of transporting the plaintiff as he desired. It was paid for by the plaintiff and he testified that the bill of sale was made to the defendant. However, the plaintiff testified that he did not give it to him and that such was not his intention, but was so done that he would not be bothered with it.

And viewing this case as we do, we conclude that it was part of the whole transaction and parcel and part of the consideration moving between these parties in entering into this contract and, if so, such could not be a gift of the automobile.

It is the view of this court that the defendant breached the contract to the extent that plaintiff had the right to terminate same and that there is a failure of consideration moving from the defendant to the plaintiff and it appears to be the law that if one party to a contract breaches same to the extent that the other party is justified in terminating it, he may do so, which this plaintiff has done.

Viewing all the evidence in this case we are satisfied that the defendant was to perform the services referred to in the petition and that the plaintiff agreed to compensate him principally for so doing by turning over the property he has at death to defendant and these various transactions in the way of assignments, transfers, were in furtherance of that agreement.

It is therefore ordered, adjudged and decreed that the defendant or whoever may have possession of these bonds, certificate of deposit, promissory notes, retransfer same to the plaintiff so that he may stand in the same position relative thereto as he did prior to the transfer complained of, and deliver same to plaintiff, and that the title to the automobile be by proper conveyance transferred to plaintiff, so that the title may rest in him, and in event that said transfers and conveyance are not completed within ten days after the entry of this decree, that said decree operate as such transfer.

PHILLIPS and ROBERTS, JJ, concur.