BRENNAN, APPELLEE, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, APPELLANT; ET AL., APPELLEES.

(No. 1307—Decided June 1, 1966.)

*Mr. Walter L. White* and *Mr. James F. DeLeone,* for plaintiff-appellee.

*Mr. William B. Saxbe,* attorney general, *Mr. Donald M. Colasurd* and *Mr. Ted R. Greiner,* for appellant.

MIDDLETON, J.   This is an appeal on questions of law by the Administrator of the Bureau of Workmen's Compensation from a judgment of the Court of Common Pleas finding that the plaintiff is entitled to continue to participate in the State Insurance Fund.   In the court below the plaintiff appealed from

an order of the Industrial Commission denying plaintiff's right to continue to participate in the State Insurance Fund. Plaintiff was injured on September 21, 1961, while engaged in wrecking a building in Allen County, and, while so working attempting to pry down a wall, a 2 x 4 sprung loose from the wall striking plaintiff on the head and knocking him to the floor. At the time the plaintiff was employed by the defendant Donald Gay. doing business as Gay Construction Company.

Within time plaintiff filed an application for compensation with the administrator pursuant to Sections 4123.511 through 4123.515, Revised Code. The administrator caused an investigation to be made and, on August 1, 1962, entered the following orders:

"It is ordered the claim be allowed it being the administrator's finding that employer herein was amenable to but had not complied with the provisions of the Workmen's Compensation Law on September 21, 1961; That on said date claimant was en [sic] employee of named employer and sustained injuries described as large laceration on top of head while in the course of and arising out of employment for instant employer."

From this order no appeal was taken by the employer or the commission, or was an application for reconsideration filed. Subsequently plaintiff filed an application for the determination of the percentage of permanent partial disability pursuant to Section 4123.57, Revised Code. Upon hearing of this application the Industrial Commission entered the following order on January 9, 1963:

"That the commission find that the claimant does not have any percentage of permanent partial disability and there is therefore no basis for an award for this type of disability; that the C-92 filed August 31, 1962 be granted to this extent of the order.

"The commission further finds that claimant's disabilities described as a generalized arthritic condition which is evident in both upper extremities and the lower extremities and probably in the spinal column is not the result of or related to the injuries recognized in this claim."

From such order the plaintiff appellee prosecuted an appeal to the Court of Common Pleas. At the time of the trial in that court, on motion of the plaintiff after the opening

statement of the defendant administrator, the issues of amenability of the employer, employment of the claimant, and validity of the original injury were removed from the consideration of the jury. The parties thereupon waived trial by jury, agreed to submit the case to trial by the court, and after hearing the court found for the plaintiff and entered judgment entitling the plaintiff to continue to participate in the State Insurance Fund. From this judgment the defendant administrator prosecutes his appeal to this court and claims error of the lower court in the following respects:

"1. The lower court erred in sustaining appellee's motion to remove from the consideration of the jury the issues pertaining to the amenability of the employer and the employment status of appellee.

"2. The lower court erred in overruling the objection to the hypothetical question propounded to appellee's expert witness.

"3. The lower court erred in rendering judgment for appellee as said appellee had not sustained his burden of proof in that there was no competent medical evidence showing a probable direct causal relationship shown between the injury and the disability in question."

Plaintiff in his petition alleges in part that "Donald Gay, d. b. a. Gay Construction Company, was an employer of three or more employes [sic] in his business and was amenable to the Workmen's Compensation Act of Ohio and had totally failed to pay premiums into the State Insurance Fund, or qualify as a self-insurer and that while employed by Gay Construction Company he was injured; that plaintiff filed with the Industrial Commission and the administrator his claim for compensation, upon hearing the administrator on the 1st day of August, 1962, made the following order:

" 'It is ordered the claim be allowed it being the administrator's finding that employer herein was amenable to but had not complied with the provision of the Workmen's Compensation Law on September 21, 1961; That on said date claimant was en [sic] employee of named employer and sustained injuries described as large laceration on top of head while in the course of and arising out of employment for instant employer.' "

To plaintiff's petition the defendant filed an answer, which states in part:

"This answering defendant admits that plaintiff filed an application for compensation (Claim No. 11357-27), upon which proceedings were had and orders entered as alleged.

"Further answering, the defendant-administrator generally denies each and every allegation not herein specifically admitted to be true."

Section 4123.519, Revised Code, provides in part as follows:

"The claimant or the employer may appeal a decision of the Industrial Commission in any injury case, other than a decision as to the extent of disability, to the Court of Common Pleas of the county in which the injury was inflicted or in which the contract of employment was made if the injury occurred outside the state. * * *.

"* * *.

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition setting forth the basis for the jurisdiction of the court over the action and setting forth the issues. * * *"

It is the contention of the defendant administrator that setting forth in the petition the averment that claimant was an employee of the named employer and amenable to the industrial Workmen's Compensation Act becomes issues of fact requiring proof to support a judgment in claimant's favor. With this we do not agree. There being no appeal taken by the employer or the commission or an application for reconsideration, the order of August 1, 1962, of the commissioner becomes final and, in the absence of fraud, cannot be relitigated and is not an issue on appeal to the Common Pleas Court.

The administrator is bound by admission in his answer that the proceedings were had and order entered as alleged in plaintiff's petition. The later denial of such findings is inconsistent with such admission, and, by reason thereof, the defendant is precluded from denying such findings and orders. The inclusion of the administrator's findings and orders in claimant's petition sets forth the basis for the "jurisdiction of the court over the action" as required by the Code, but they do not constitute any part of the issues presented to the court on appeal.

The ultimate and only issues presented on appeal to the

Common Pleas Court are the right of claimant to participate in the State Insurance Fund and whether claimant's present physical condition is the result of his injury.

In the case of *Mims* v. *Lennox-Haldeman Co.*, 94 Ohio Law Abs. 557, in the *per curiam* opinion, we find this statement:

"* * * When a claimant appeals from an order of the Industrial Commission under Section 4123.519, Revised Code, it must be presupposed that the issue decided adversely to the claimant before the Industrial Commission is the only issue before the Court of Common Pleas. To say one is appealing the portion of an order that is favorable to him defies reason. * * *"

The Common Pleas Court did not err in sustaining appellee's motion to remove from the consideration of the jury the issues pertaining to the amenability of the employer and the employment status of appellee. We therefore overrule the first assignment of error.

The defendant's second assignment of error claims the court erred in overruling objection to the hypothetical question propounded to appellee's witness Dr. Rusoff. The basis of the objection is the inclusion in the hypothetical question of the contents of plaintiff's Exhibit A, an x-ray report made by Dr. E. R. Torrence and taken from the files of The Lima Memorial Hospital, Lima, Ohio. Prior to the propounding of this hypothetical question, Dr. Rusoff was examined in great detail as to his own examination of the plaintiff, which included a physical examination, x-ray examination, and electrocardiogram examination. As the result of his examination and his finding, the witness arrived at a diagnosis of the plaintiff's conditions, to wit, "One, posttraumatic cerebral syndrome; two, cervical arthritis with evidence of intervertebral disc changes," which in lay language means a collection of symptoms associated with head injuries and arthritis or inflammation of bones and joints. The doctor testified that from his examination it was his opinion that the plaintiff is permanently and totally disabled.

The defendant-administrator's complaint of the hypothetical question is that the x-ray report (Exhibit A) contains a statement of the impressions or opinion of Dr. Torrence, and it is the inclusion of these impressions and opinions in the hypothetical question which is claimed improper.

The testimony of Dr. Rusoff stating in detail his examina-

tion of the plaintiff was of such character as to furnish a basis of fact for his expert medical opinion given in answer to the hypothetical question independently of a consideration of Exhibit A. The testimony included in plaintiff's Exhibit A is brief and does not contain any contradiction of facts or conclusion reached by Dr. Rusoff.

In the opinion of the court the "impressions" included in the x-ray made by Dr. Torrence are in fact corroborated by the finding and opinions of Dr. Rusoff. The medical opinion expressed by Dr. Rusoff was not based upon the opinion or impressions of Dr. Torrence but upon the results of his own examination of plaintiff. We find no conflict in the testimony of Dr. Rusoff and the hospital records of the x-ray examination made by Dr. Torrence set forth in Exhibit A.

The defendant administrator cites the case of *Zelenka* v. *Industrial Commission,* 165 Ohio St. 587, where it is stated in the syllabus:

"An expert witness may not express his opinion based upon evidence which he has heard or read on the assumption that the facts supported thereby are true, where such evidence is *voluminous, complicated or conflicting or consists of the opinions, inferences and conclusions of other witnesses.*" (Emphasis added.)

That case is readily distinguished from the facts in the case here at issue. On page 593, in the opinion of Judge Hart, we find this:

" '* * * According to the weight of authority, however, it is within the discretion of the trial court to permit an expert witness to give an opinion based upon the assumption of the truth of testimony which he has heard given by other witnesses without a hypothetical statement of the facts, where the witnesses are few and the testimony is not voluminous, complicated, or conflicting. * * *' "

And, again, it is stated:

" '* * * It has been said that *where testimony is brief and simple, and especially where there is no contradictory evidence,* to ask the expert to state his opinion, assuming the evidence given to be true, is equivalent to embodying the evidence in a hypothetical question. * * *' " (Emphasis added.)

Moreover, the theory of the claimant's case was that he had

pre-existing arthritis and degeneration of the intervertebral spaces, which condition became aggravated and symptomatic by reason of the injury. The administrator's theory, on the other hand, was identical except that the administrator would say that the condition became symptomatic by its natural progress and not because of the injury. The impressions of the radiologist expressed in the x-ray report of May 1964 supported the administrator's theory as much as they supported the theory of the claimant, and reference thereto in the hypothetical question could not have been prejudicial to the administrator.

Although we note that numerous discrepancies exist between the facts assumed in the hypothetical question, which was posed in a deposition taken before trial, relating primarily to what transpired at the time of the injury, and the facts of similar relation tended to be proved by testimony received on the trial of the action, the administrator has not assigned error as to such discrepancies, and any error relating thereto may be deemed to have been waived.

After a careful examination of the record we find no prejudicial error in the court's overruling the defendant administrator's objection to the hypothetical question propounded to plaintiff's witness Dr. Rusoff. The second assignment of error is overruled.

The final assignment of error is that the lower court erred in rendering judgment for the plaintiff in that the plaintiff failed to sustain the burden of proof, and that there was no competent medical evidence showing a probable direct causal relationship between the injury and disability.

Dr. Rusoff testified on direct examination that in his opinion based upon reasonable medical probability there was a direct and proximate causal relationship between the accident to plaintiff on September 21, 1961, and the condition in which the doctor found him at the time of his examination on May 1, 1965, and, on cross-examination, the doctor gave his reason for his opinion.

The defendant administrator offered no evidence medical or otherwise in defense. This assignment of error is overruled.

The judgment of the Court of Common Pleas is affirmed.

*Judgment affirmed.*

YOUNGER, P. J., and GUERNSEY, J., concur.