In the Matter of Thomas Patrick NACOL and Barbara K. Nacol, Debtors.

Lawrence S. KLEINFELD, Plaintiff,

v.

Ronald NACOL, Defendant.

Bankruptcy No. 81–2030.
Adv. No. 82–239.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 23, 1983.

Lawrence S. Kleinfeld, pro se.

Stephen L. Kramer, Tampa, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the immediate matter under consideration is an attempt by the Trustee, Lawrence S. Kleinfeld, to set aside a transaction between the Debtor, Thomas Patrick Nacol and the Defendant, Ronald Nacol. The Trustee claims that the transaction was a fraudulent conveyance under § 548(a)(2) of the Bankruptcy Code and, therefore, the estate is entitled to recover the transferred property.

The Court having considered the record and heard argument of counsel, finds as follows:

On October 30, 1981, the Debtor filed his schedule of assets along with his Voluntary Petition for Relief. Prior to the filing of bankruptcy, the Debtor owned a 1954 Corvette which he sold on August 5, 1981 to his brother, the Defendant in this proceeding, for $2,500. As a result, the only automobiles listed on the schedules of the Debtor were a 1978 Cadillac and a 1981 Subaru.

Before the Debtor received his discharge, the Trustee filed a Complaint to avoid the August 5, 1981 sale as a fraudulent transfer. The Complaint contained three counts. In Count I, the Trustee alleged a transfer with actual intent to defraud. This Count was dismissed by the Court upon an ore tenus motion of the Defendant because the

Trustee failed to present any proof in support of this Count. The claim in Count III was premised on § 548(a)(2)(B)(iii), and was abandoned at trial by the Trustee, leaving only the claim set forth in Count II for consideration.

In Count II, the Trustee contends that the Debtor was insolvent on the date of sale and that the 1954 Corvette was worth considerably more than $2,500. Therefore, the Trustee seeks to set aside the sale as a fraudulent transfer pursuant to § 548(a)(2)(B)(i) which in pertinent part states as follows:

§ 548(a)(2)(B)(i)

(a) The trustee may avoid any transfer of an interest of the debtor in property . . . that was made . . . within one year before the date of filing of the petition, if the debtor—

(2) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B) was insolvent on the date such transfer was made . . .

■ In order to avoid a transfer as fraudulent conveyance, all three elements of § 548(a)(2)(A) must be satisfied: (1) that the transfer occurred within one year before the date of filing of petition; (2) that the debtor received less than the reasonably equivalent value in exchange for the transfer; and (3) that the debtor had been insolvent on the date the transfer was made. *Kuhn v. Nance (In re Nance)*, 26 B.R. 105 (Bkrtcy.S.D.Ohio 1982). The burden of proof rests on the Trustee to prove these elements. *Campbell v. Thames (In re Thames)*, 21 B.R. 704 (Bkrtcy.S.C.1981).

The first element is uncontroverted as it is undisputed that the transfer occurred within 90 days prior to the filing of bankruptcy. The only questions remaining are whether the Debtor received a reasonably equivalent value for the transfer and whether the Debtor was insolvent on the date of transfer.

■ Since there is no exact formula for determining what constitutes a reasonably equivalent value, the Court should determine the issue under all of the facts and circumstances of the case. *See, Murdock v. Plymouth Enterprises, Inc. (In re Curtina Intern., Inc.)*, 23 B.R. 969, 974 (Bkrtcy.S.D. N.Y.1982) and was cited therein. The Trustee then has the burden of establishing that the consideration received by the Debtor did not constitute a reasonably equivalent value. *Murdock, supra.*

In the case at bar, there is conflicting evidence as to the Corvette's value. The expert witnesses on both sides disagreed as to the correct value. One of the Trustee's expert witnesses valued the car at $9,500 while another believed that the Debtor could find a buyer willing to pay $11,500. The Debtor did attempt to find a buyer for the car, but his efforts to sell the car on an "as is" basis were unsuccessful.

■ The only expert who test drove the car was called by the Debtor and he stated that the Corvette was worth $4,500 in its present condition. In support of his appraisal, the Debtor's expert testified that not all of the car's parts were original, that the car needed complete restoration and that the market was in a depressed state on the date of transfer. Considering the totality of the circumstances, this Court is satisfied that the value of the Corvette on the date of transfer was $4,500. Therefore, it is clear that the money paid for the car by the Debtor's brother did not represent a reasonable equivalent value.

■ As noted earlier, the Trustee must also establish that the Debtor was insolvent on the date of transfer in order to sustain his claim. Where there is clear proof of insolvency on a given date and no subsequent financial change, the courts are prone to find that the Debtor was also insolvent on the earlier date at issue. 3 *Collier on Bankruptcy,* ¶ 60.31 (14th ed. 1975). Furthermore, the usual presumption is that a known condition will continue to exist under similar circumstances for a reasonable time. *Collier on Bankruptcy, supra* at 896.

■ This Court is satisfied and the schedules filed by the Debtor on October 31, 1981 support the finding that the Debtor's liabili-

ties far exceeded his assets. In addition, the Debtor failed to produce any evidence of solvency or the occurrence of any radical event which caused a radical change in his financial condition since the date of transfer. In light of the foregoing, the Debtor is presumed to have been insolvent on the date of transfer.

Since the Debtor was insolvent on the date of transfer and did not receive a reasonably equivalent value in exchange for the car, the transfer is voidable under § 548(a)(2)(B)(iii). However, it is equally clear that the Trustee failed to establish that the Debtor's brother purchased the car in bad faith. Therefore, the brother is entitled to a lien to the extent he gave value pursuant to § 548(c).

A separate final judgment will be entered in accordance with the foregoing.