**In re BELL & BECKWITH, Debtor.**

**Patrick A. McGRAW, Trustee, Plaintiff,**

**v.**

**Mr. Tom BRESSLER, dba Thom's Sohio, Defendant.**

**Bankruptcy No. 84–0055.**
**Related Case: 83–0132.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 26, 1984.

Fuller & Henry, Toledo, Ohio, for plaintiff.

Charles F. Kurfess, and Victor N. Ten-Brink, Bowling Green, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motion for Summary Judgment filed by the Plaintiff in this adversary action. Each of the parties have filed their arguments and have had the opportunity to respond to the arguments made by opposing counsel. The Court has reviewed these arguments as well as the entire record in the case. Based upon that review and for the following reasons the Court finds that the Motion for Summary Judgment should be GRANTED.

## FACTS

This action is brought as a part of the Plaintiff-Trustee's continuing efforts to liquidate the Debtor-brokerage pursuant to the provisions of 15 U.S.C. § 78aaa *et seq.* On or about October 22, 1982, the managing partner of the Debtor, Edward P. Wolfram, Jr., issued a check to the Defendant in the amount of Twenty-four Thousand and no/100 Dollars ($24,000.00). The check was drawn on the Debtor's account at the Ohio Citizens Trust Co. On February 10, 1983, the United States District Court for the Northern District of Ohio, Western Division, found the customers of the Debtor in need of protection, thereby subjecting the Debtor to liquidation.

On February 16, 1984, the Plaintiff filed this action, wherein he seeks a return of the monies issued to the Defendant. This Complaint, as amended, asserts three grounds upon which the Plaintiff is entitled to relief. Included in these allegations is a Count alleging that the exchange of funds constituted a fraudulent transfer within the meaning of 11 U.S.C. § 548. In his Answer to the Complaint, the Defendant admitted the receipt of the funds from Wolfram. He has also plead, as an affirmative defense, that any such transfer was a gift.

Based on these pleadings, the Plaintiff filed the Motion for Summary Judgment. In support of the Motion, the Plaintiff has offered a copy of the Amended Complaint, the Defendant's Answer, and the check which was issued to the Defendant. He has also offered his Affidavit, wherein he avers that, based upon his investigation of the Debtor's affairs, the Debtor was significantly insolvent on the date the check was issued. In response, the Defendant has argued only that there has been no showing that the Debtor had an interest in the funds upon which the check was drawn.

## LAW

The provisions of 11 U.S.C. § 548(a) state in pertinent part:

"The trustee may avoid any transfer of an interest of the debtor in property ... that was made or incurred on or within one year before the date of the filing of the petition, if the debtor—

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made ..."

Under this provision, the trustee may recover from a transferee any of the debtor's property which was transferred at a time, within one (1) year from the date on which the Petition was filed, when the debtor was insolvent, provided the debtor did not receive in exchange something of reasonably equivalent value. *Kleinfeld v. Nacol (Matter of Nacol),* 36 B.R. 566 (Bkcy.M.D.Fla.

1983). It is not necessary to show that the transfer was made with any fraudulent intent or wrongful purpose. *Limperis v. Kolacny (In re Chicago Music Corp.)*, 36 B.R. 626 (Bkcy.N.D.Ill.1984). The purpose of the statute is to establish the circumstances under which a trustee can recover transfers that result in constructive, as distinguished from actual, fraud. *See*, 4 *Collier on Bankruptcy* § 548.03.

■ It is well settled that a party is bound by the admissions and assertions made in their pleadings. *See, Giles v. St. Paul Fire & Marine Ins. Co.*, 405 F.Supp. 719 (N.D.Ala.1975), *Brennan v. Young*, 6 Ohio App.2d 175, 217 N.E.2d 247 (1966). It is also well settled that a gift is a transfer of property for which the transferor receives no consideration. *Calvert v. Massie*, 18 O.L.A. 461 (1934), 52 Ohio Jur.3d *Gifts* § 1.

In the present case, it is apparent that the Defendant has admitted receipt of the funds as well as the gratuitous nature of the transfer. It is also apparent that the Debtor did not receive anything of equal value in return. The date of issuance and the date of negotiation, as reflected on the check, indicate that the transfer was made within one (1) year prior to the Debtor having been made subject to 11 U.S.C. § 548. *See*, 15 U.S.C. § 78fff(b). The Trustee's Affidavit sets forth the fact that the Debtor was insolvent at the time the check was drawn. Therefore, in light of this uncontroverted evidence, the only element of the fraudulent conveyance provision which remains to be shown is whether or not the Debtor had an interest in the property.

■ As pointed out at 5 *Collier on Bankruptcy* § 1122 n. 11, the term interest, as it relates to prerogatives in property, is not defined by the Bankruptcy Code. It is, however, used to describe proprietary or equitable rights to property. It is axiomatic that the right to possession is such a proprietary right. It endows the possessor with all rights to the property in the absence of any evidence to show that superior title rests with another entity. *Village of*

*Lakeview v. City of Conneaut*, 36 O.L.A. 36 (1957).

■ In this case, it is readily apparent that the check was drawn on a bank account held in the Debtor's name. Therefore, its issuance transfered possession of an instrument with a value of Twenty-four Thousand and no/100 Dollars ($24,000.00). The Debtor's possessory interest in the check relates to both the check itself, and, as a matter of equity, the rights to the monies deposited in its accounts. Although within the Debtor's bookkeeping system, an account other than one belonging to the Debtor may have been debitted by the transaction, this fact is not determinative of the Debtor's interest in the property. The controlling factor is the Debtor's immediate right to the instrument and the funds represented thereby. In view of that right, it must be concluded that the Debtor had an interest in the property that is sufficient to subject the transfer to the provisions of 11 U.S.C. § 548(a).

Based on the foregoing analysis, it does not appear as though this case presents any genuine issues of material fact which require this Court's further consideration. It also appears that the Plaintiff is entitled to judgment as a matter of law. He has shown that all the elements for an action under 11 U.S.C. § 548(a) have occurred and that the defense offered by the Defendant is not validly raised. Accordingly, summary judgment should be entered for Plaintiff.

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Plaintiff's Motion for Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that the Plaintiff be, and is hereby, GRANTED judgment on the Complaint in the amount of Twenty-four Thousand and no/100 Dollars ($24,000.00) plus accrued interest at an

annual rate of ten percent (10%) from the date of judgment.