In re BELL & BECKWITH, Debtor.

Patrick A. McGRAW, Trustee, Plaintiff,

v.

Don RANDALL & Roxanne W. Ziss, Defendants.

Bankruptcy No. 85–0031.

Related Case No. 83–0132.

United States Bankruptcy Court, N.D. Ohio, W.D.

Jan. 21, 1987.

Fuller & Henry, Toledo, Ohio, for plaintiff.

Colin J. McQuade, Swanton, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion For Partial Summary Judgment filed by the Plaintiff in the above entitled adversary action. Although the Defendants have filed an Answer in this case, they have not opposed the Motion presently before the Court. The Court has reviewed the Motion as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion should be granted.

## FACTS

The facts in this case do not appear to be in serious dispute. The Plaintiff in this case is the Trustee for the liquidation of the Debtor-brokerage. The Defendants are persons who received funds from the assets of the brokerage prior to the initiation of liquidation proceedings on February 5, 1983.

In the years prior to the Debtor's liquidation, the managing partner of the brokerage, Edward P. Wolfram, Jr., carried out an unlawful course of conduct, whereby he diverted assets of the brokerage to his own purposes. *See, In re Bell & Beckwith,* 50 B.R. 422 (Bkcy.N.D.Ohio 1985). The record indicates that these purposes included several transfers to the Defendants in this case. Although it appears that some of these transfers were made to the Defendants as compensation for services performed, it also appears that some of these transfers were either loans or gifts.

While the Complaint in this case addresses all transfers allegedly made by Wolfram to the Defendants, the Motion presently before the Court seeks judgment only with regard to one particular transfer. As to that transfer, the record indicates that on or about May 3, 1982, a transfer was made from a customer account belonging to Zula Wolfram, the wife of Edward P. Wolfram, Jr., to the Defendants. The amount of this transfer was Seventy-four Thousand Five

Hundred and no/100 Dollars ($74,500.00). It appears that a check was drawn on the Debtor's account and was negotiated at the National Bank of Loring AFB, Maine, by the Defendants. The evidence indicates that about the same time as this transfer was made, a similar amount was debited from Zula Wolfram's customer account at the Debtor/brokerage. It further appears that these funds were withdrawn from the depository bank by the Defendants and were used to purchase a house in Limestone, Maine, from parties who are otherwise unrelated to this proceeding.

In asserting the causes of action set forth in the Complaint, the Trustee contends that the funds transferred to the Defendants should be avoided as both fraudulent conveyances and as preferential transfers. He also contends that these funds are part of a constructive trust which should be imposed over any assets diverted by Wolfram from the Debtor. As has already been indicated, the Motion presently before the Court seeks judgment against the Defendants regarding the May 3, 1982, transfer of Seventy-four Thousand Five Hundred and no/100 Dollars ($74,-500.00).

In support of his Motion, the Trustee offers the admissions and answers given by the Defendants during discovery proceedings. In those answers, the Defendants admit that the transfer was made, that no consideration was exchanged for the transfer, and that the funds in question were used to purchase the property described in the Complaint. In further support of the Motion, the Trustee has offered an affidavit from an agent of the Securities and Exchange Commission. In that affidavit, the affiant sets forth facts which demonstrate both Wolfram's fraud and the insolvency of the debtor. As has been indicated, the Defendants have not opposed this Motion.

## LAW

The provisions of 11 U.S.C. § 548(a) state in pertinent part:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

Under these provisions, a trustee may avoid any transfer of assets which was made with the intent to defraud its creditors, *McGraw v. Allen (In re Bell & Beckwith)*, 64 B.R. 620 (Bkcy.N.D.Ohio 1986), or was made by the debtor while insolvent and which did not result in a return to the debtor of reasonably equivalent value. *McGraw v. Bressler (In re Bell & Beckwith)*, 44 B.R. 656 (Bkcy.N.D.Ohio 1984). If such a transfer is avoided, a trustee may recover the value of the transfer from the initial transferee or from any immediate or mediate transferee of the initial transferee. *See*, 11 U.S.C. § 550(a). However, a trustee may not recover from one other than the initial transferee if the property was taken by the subsequent transferee for value, in good faith, and without knowledge of the avoidability of the transfer. *See*, 11 U.S.C. § 550(b).

At the outset of its analysis, the Court notes that this action is but one of many which have arisen out of the Debtor's liquidation. As has been noted, this liquidation was the result of a fraudulent course of conduct carried out by the managing partner of the Debtor over a period of approximately ten years. This Court

has found in prior proceedings that any funds transferred by either Edward P. Wolfram, Jr. or Zula Wolfram during this period were the products of this fraudulent scheme. Accordingly, this Court has found that such transfers were made with the intent to defraud the creditors of the brokerage. *See, McGraw v. Allen,* supra. Inasmuch as the Defendants have admitted to receiving the funds in question from Zula Wolfram within one year prior to the initiation of the Debtor's liquidation, it must be concluded that the May 3, 1982, transfer of Seventy-four Thousand Five Hundred and no/100 Dollars ($74,500.00) is avoidable under the provisions of 11 U.S.C. § 548(a)(1).

A further review of the facts in this case finds that the Defendants have admitted that they did not return to Zula Wolfram any consideration for the May 3, 1982, transfer. While it has been suggested that this transfer may have been a loan to the Defendants, no promissory note or other instrument has been presented. Furthermore, from both the affidavit of the Securities and Exchange Commission's agent and this Court's prior involvement in this case, it is evident that the Debtor was insolvent at the time of the transfer. Based upon these facts, it must be concluded that the transfer in question is also avoidable under the provisions of 11 U.S.C. § 548(a)(2)(A) and (B)(i). As a result of the avoidability of these transfers, it must also be concluded that the Trustee is entitled to recover from the Defendants, under the provisions of 11 U.S.C. § 550(a), the value of this transfer.

In addition to the avoidance of the transfer, the Trustee seeks the imposition of a constructive trust over the real estate purchased by the Defendants with the funds in question. A constructive trust may be imposed where a person has obtained property which cannot, in equity and good conscience, be retained as against the party actually entitled to the property. 53 Ohio Jur.2d *Trusts* § 88. However, inasmuch as an action to impose a constructive trust is an *in rem* proceeding, there must be some specific property to which the trust can attach. 53 Ohio Jur.2d *Trusts* § 90.

In the present case, the Trustee has presented evidence which demonstrates the chain of possession between Wolfram's wrongful diversion to the purchase of the real estate by the Defendants. As a result, this real estate can be considered as the property over which a constructive trust can be created. Since this Court has held that the funds used to purchase this property were wrongfully diverted from the Debtor, such a constructive trust will be imposed over the property or its proceeds for the benefit of the Debtor's creditors. This trust will be in the form of a lien against the property in the amount of the avoided transfer. However, if the Defendants independently, and without use of or reliance upon the property, satisfy the judgment which has been imposed under the provisions of Title 11, then the trust will be dissolved and the lien will terminate.

In reaching these conclusions the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Trustee's Motion For Partial Summary Judgment be, and is hereby, GRANTED.

It is FURTHER ORDERED that judgment be, and is hereby, entered for the Trustee in the amount of Seventy-four Thousand Five Hundred Dollars and no/100 ($74,500.00).

It is FURTHER ORDERED that a constructive trust be, and is hereby, created over the real estate owned by the Defendants in Limestone, Maine.

It is FURTHER ORDERED that a lien in the amount of Seventy-four Thousand Five Hundred and no/100 Dollars ($74,500.00) be, and is hereby, created in favor of the Trustee over the Defendants' real estate in Limestone, Maine. However, the creation of this lien is made dependent upon the Trustee's compliance with any applicable law in the State of Maine which addresses

the validity, creation, perfection, or enforcement of such liens.

It is FURTHER ORDERED that a continued Pre-Trial conference on the remaining actions in this case be, and is hereby, set for Thursday, February 12, 1987, at 11:30 o'clock A.M., in Courtroom No. 2, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.