THOMAS, APPELLEE, *v.* CONRAD, ADMINISTRATOR, APPELLEE, ET AL.; NCR CORPORATION, APPELLANT.

[Cite as *Thomas v. Conrad* (1998), 81 Ohio St.3d 475.]

(No. 97–685—Submitted February 18, 1998—Decided April 22, 1998.)

*E.S. Gallon & Associates* and *Joseph R. Ebenger,* for appellee Malinda Thomas.

*Betty D. Montgomery,* Attorney General, *Steven P. Fixler* and *Maxine Young Asmah,* Assistant Attorneys General, for appellees C. James Conrad, Administrator, Bureau of Workers' Compensation, and the Industrial Commission of Ohio.

*Dunlevey, Mahan & Furry, Gary T. Brinsfield* and *D. Patrick Kasson,* for appellant.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc H. Jaffy,* urging affirmance for *amicus curiae,* Ohio Academy of Trial Lawyers.

*Joondeph, Shaffer & Bittel, P.L.L.,* and *David H. Shaffer,* urging reversal for *amicus curiae,* East Manufacturing Corporation.

LUNDBERG STRATTON, J. We are once again asked to interpret the statutory right to appeal an order of the Industrial Commission granted to a claimant or employer in R.C. 4123.512. The statute provides: "The claimant or the employer may appeal an order of the industrial commission * * * other than a decision as to the extent of disability to the court of common pleas * * *." We have narrowly interpreted this provision to allow appeals of only "those decisions involving a claimant's right to participate or to continue to participate in the [State Insurance] [F]und." *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus.

The specific issue before us is whether the Industrial Commission's order that denied NCR's request to terminate Thomas's participation in the fund constitutes an appealable order. For the reasons that follow, we hold that the commission's order in this case did not decide "a claimant's right to participate or continue to participate" in the fund; instead, it involved Thomas's extent of disability. Thus, the order was not appealable under R.C. 4123.512 and the courts below correctly dismissed the appeal for lack of jurisdiction.

It is undisputed that Thomas's right to participate had already been established. NCR then sought to completely terminate Thomas's participation on the basis that the intervening injury of the dog attack caused Thomas's current complaints and that they were not causally related to her allowed industrial

injury. NCR contends that because it framed its motion in terms of terminating the right to participate, then logically the Industrial Commission's denial of its motion constitutes an order that involves the right to continue to participate in the fund. According to NCR, had the Industrial Commission granted the motion, Thomas would have had the right to appeal. That right to appeal should also apply to the employer when the order does *not* terminate participation.

The issue that the Industrial Commission had to resolve in order to rule on NCR's motion was the effect of the dog attack on Thomas's allowed injuries. The staff hearing officer found that the subsequent injuries caused by the dog were different from Thomas's allowed conditions, except for a temporary mild exacerbation of her back, and that any treatment for the subsequent injuries was not to be paid by workers' compensation. Thus, the injuries from the dog attack were not sufficient to break the causal connection between Thomas's current complaints and her work-related injuries so as to end NCR's responsibility for Thomas's allowed claim. There was no other change in the status of her claim. Thomas's right to participate remained undisturbed. As a result, the staff hearing officer's order involved Thomas's extent of disability, not her right to participate, that right having already been determined.

We could not have been more clear in *Felty* when we repeatedly emphasized the limited form of judicial review of direct appeals under R.C. 4123.512: "The *only* decisions of the commission that may be appealed to the courts of common pleas * * * are those that are final and that resolve an employee's right to participate or to continue to participate * * *." (Emphasis in original.) *Felty v. AT & T Technologies, Inc.*, 65 Ohio St.3d at 238, 602 N.E.2d at 1145. "The only action by the commission that is appealable * * * is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." *Id.* at 239, 602 N.E.2d at 1145. Such appeals are limited to "whether an employee is or is not entitled to be compensated for a particular claim." *Id.* "[O]nly those decisions that finalize the allowance or disallowance of a claim * * * are appealable." *Id.* at 240, 602 N.E.2d at 1146.

The procedural mechanism available to a workers' compensation litigant who wishes to appeal "depends entirely on the nature of the decision issued by the commission." *Id.* at 237, 602 N.E.2d at 1144. We find that, because the Industrial Commission's order involved the extent of disability and not the right to participate, the reviewing court did not have subject-matter jurisdiction, and the case was properly dismissed.

Our opinion today does not change the reasoning of the courts of appeals in *Moore v. Trimble* and in *Jones v. Massillon Bd. of Edn.* The employers in *Moore* and *Jones* questioned the claimants' right to continue to participate in the fund, alleging fraud with regard to facts surrounding the respective claimants' *initial*

claims. The employers challenged each claimant's right to participate and tried to terminate that right. Here, it is undisputed that Thomas's right to participate had been established. NCR did not raise the issue of fraud or question Thomas's original claim. The substance of its motion involved the dog attack and its effect on Thomas's allowed conditions.

If we accept NCR's narrow view of this issue, then an employer need only phrase a motion in terms of a request to terminate participation in the workers' compensation system in order to file an R.C. 4123.512 appeal if the request is denied. We must look to the issue before the Industrial Commission and the nature of its order, not how the motion was posited, to determine whether the order is appealable under R.C. 4123.512.

We are not persuaded by NCR's equal protection argument. Both the employer and employee are equally situated. The party who does not prevail—at the time the workers' compensation claim is either granted or terminated—has the right to appeal per R.C. 4123.512. Logically, when the injured worker is granted the right to participate, the right to appeal would be exercised by the employer, since the employee prevailed. The right to appeal would be exercised by the injured worker when he or she is denied the right to participate. When the right to participate is terminated, then, logically, the employee would be exercising the right. Because both the employer and the employee have the right to appeal when they are negatively affected by the commission's ruling, both are equally situated.

Consequently, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.