OPINION
Defendant-appellant P.C.C. Airfoils, Inc. appeals the November 16, 1999 Judgment Entry of the Perry County Court of Common Pleas which granted plaintiff-appellee, Barbara Blosser's Motion to Dismiss.
 STATEMENT OF THE CASE AND FACTS
On February 4, 1994, Marlene Corp filed a workers' compensation claim against appellant, her former employer. Ms. Corp's claim was allowed by the Industrial Commission of Ohio for silicosis. On October 20, 1997, Ms. Corp died, allegedly as a result of that condition. At the time of her death, Ms. Corp was the legal guardian of her grandson, William Lee Corp. Mr. Corp was nineteen years old at the time of his grandmother's death. Appellee Barbara Blosser was appointed as Mr. Corp's guardian due to his severe mental disability. On November 21, 1997, Ms. Blosser filed an application for death benefits with the Industrial Commission on Mr. Corp's behalf. Specifically, Mr. Corp requested ongoing death benefits pursuant to R.C. 4123.59. The application alleged Mr. Corp was mentally incapacitated from having any earnings. The Industrial Commission granted Mr. Corp's application in an Order issued November 9, 1998. As a result of this finding, Mr. Corp was awarded ongoing weekly death benefits in the amount of $260.50. On March 9, 1999, appellant appealed the award of death benefits to the Perry County Court of Common Pleas pursuant to R.C.4123.512. In accordance with R.C. 4123.512(D), the claimant filed a petition/complaint showing a cause of action to participate or continue to participate in the fund. On October 25, 1999, appellee filed a Motion to Dismiss, Motion for Summary Judgment, and a Motion In Limine. The motion to dismiss maintained the trial court was without jurisdiction to consider Mr. Corp's eligibility for death benefits arising from the death of his grandmother because the question was one of "extent of disability" as opposed to "right to participate." On November 16, 1999, the trial court granted appellee's motion to dismiss, stating as follows: * * * this Court having considered the same, finds that this Court lacks subject matter jurisdiction of this case and further finds that the only issue for this Court is whether or not William Lee Corp, based upon his finding of incompetence, is employable on a sustained basis. This Court finds this issue to be one dealing with the "extent of disability" and for that reason, dismisses the case at bar for lack of subject matter jurisdiction.
Judgment Entry at 1.
It is from this Judgment Entry appellant prosecutes this appeal, assigning the following error:
 THE TRIAL COURT ERRED IN FINDING THAT IT WAS WITHOUT SUBJECT-MATTER JURISDICTION TO DETERMINE THE ELIGIBILITY TO WILLIAM LEE CORP TO RECEIVE WORKERS' COMPENSATION DEATH BENEFITS PURSUANT TO R.C. 4123.59
AND 4123.512.
 I
In its sole assignment of error, appellant maintains the trial court erred in finding it lacked subject matter jurisdiction. Appellant maintains the issue before the court was one of the "right to participate" in the workers' compensation fund, and not one of the "extent of disability" as found by the trial court. Specifically, appellant argues the determination of Mr. Corp's incapacitation from earning goes directly to an essential element of his eligibility to receive death benefits under R.C. 4123.59(D)(2). We agree. The Ohio Supreme Court had definitively held that an Industrial Commission's decision involving a claimant's right to participate or continue to participate in fund is appealable to the common pleas court pursuant to R.C. 4123.512. In its most recent case on the issue, Thomas v. Conrad (1998), 81 Ohio St.3d 475, 478, the Ohio Supreme Court stated: We could not have been more clear in Felty when we repeatedly emphasized the limited form of judicial review of direct appeals under R.C. 4123.512: "The only decisions of the commission that may be appealed to the courts of common pleas * * * are those that are final and that resolve an employee's right to participate or to continue to participate * * *." (Emphasis in original.) Felty v. AT T Technologies, Inc.,65 Ohio St.3d at 238, 602 N.E.2d at 1145. "The only action by the commission that is appealable * * * is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." Id. at 239, 602 N.E.2d at 1145. Such appeals are limited to "whether an employee is or is not entitled to be compensated for a particular claim." Id. "[O]nly those decisions that finalize the allowance or disallowance of [692 N.E.2d 208] a claim * * * are appealable." Id. at 240, 602 N.E.2d at 1146.
The Supreme Court's position on the ability to appeal an employee's right to participate in the Workers' Compensation Fund is clear. However, there is less guidance on whether the initial determination of a dependant's right to participate in the fund is likewise appealable. Any determination of whether a dependent is entitled to participate in the fund is governed by R.C. 4123.59, which states, in relevant part:
In case an injury to or an occupational disease contracted by an employee causes his death, benefits shall be in the amount and to the persons following:
 * * * (B) If there are wholly dependent persons at the time of the death, the weekly payment is sixty-six and two-thirds per cent of the average weekly wage * * * * * *
 (D) The following persons are presumed to be wholly dependent for their support upon a deceased employee:
* * *
 (2) A child under the age of eighteen years, or twenty-five years if pursuing a full-time educational program while enrolled in an accredited educational institution and program, or over said age if physically or mentally incapacitated from earning, * * *
* * *
 (E) An order issued by the administrator under this section is appealable pursuant to sections 4123.511 to 4123.512 of the Revised Code. We find appellant's appeal to the trial court was from a decision regarding appellant's "right to participate" pursuant to R.C. 4123.59. Using the same logic as set forth in Thomas v. Conrad, supra, we find a determination of whether a dependent has the right to participate in the worker's compensation fund, notwithstanding a previous finding of the employee's right to participate, is appealable pursuant to R.C. 4123.59(E). See Accord, Jusu-Kamara v. Stouffer Foods Corp. (May 22, 1996), Cuyahoga App. No. 50570, unreported. Appellant's sole assignment of error is sustained. The November 16, 1999 Judgment Entry of the Perry County Court of Common Pleas is reversed. This matter is remanded for further proceedings consistent with our opinion and the law.