OPINION
In August of 1996, appellant Keith L. Hazelwood was employed by appellee Meijer, Inc. He made a claim for Workers' Compensation benefits for a back injury sustained at work. Appellee the Industrial Commission of Ohio allowed his Workers' Compensation claim for Lumbar Strain/Sprain. In January of 1999, appellant applied to reactivate the same claim for back problems. He requested benefits for temporary total disability and payment for treatment based on the reactivation of the claim. A hearing officer concluded that appellant's latest back problems were not causally related to the lumbar strain/sprain claim previously allowed, but resulted from an intervening accident somewhere else. The Industrial Commission affirmed, stating, "It appears the claimant may have had an intervening accident on November 7, 1998, and therefore the current need for treatment does not appear related to August 18, 1996 injury." Appellant filed an appeal with the Richland County Common Pleas Court pursuant to R.C. 4123.512. The court dismissed the appeal for lack of subject matter jurisdiction, finding the question was one of extent of disability, rather than denial of the right to participate. Appellant assigns a single error on appeal:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THERE WAS A LACK OF SUBJECT MATTER JURISDICTION TO CONSIDER PLAINTIFF-APPELLANT'S APPEAL PURSUANT TO OHIO REVISED CODE 4123.512(A).
This case has been assigned to the Accelerated Calendar at the request of appellant. Appellant argues that the decision of the Industrial Commission, noting that there was an intervening injury, precludes payment of further benefits and makes this case an issue of right to participate, rather than extent of disability. R.C. 4123.512 provides that a claimant may appeal an order of the Industrial Commission, other than a decision as to the extent of the disability. The Supreme Court has narrowly interpreted this provision to allow appeals only of those decisions involving a claimant's right to participate, or continue to participate, in the Workers' Compensation Fund. Thomas v. Conrad (1998),81 Ohio St.3d 475, 477. Once the right to participate is determined, only a ruling that terminates that right is appealable pursuant to R.C.4123.512. Felty v. A.T.T. Technologies, Inc. (1992), 65 Ohio St.3d 234. In Thomas, supra, the claimant suffered a work-related injury in 1987, and her Workers' Compensation claim was allowed for injuries to her ribs, left hip, left leg, back, and psychogenic pain disorder. In 1992, the claimant suffered injuries to her wrist, arms, and back, when she was attacked by a guard dog. These injuries were not work-related. The employer moved to terminate the existing claim, contending that the dog attack constituted an intervening injury sufficient to terminate her right to receive further compensation. The Industrial Commission found that the subsequent injury did not constitute an intervening injury sufficient to terminate the existing claim, but medical services related to dog attack injuries were not payable under her Workers' Compensation claim. 81 Ohio St.3d at 476. The court dismissed the appeal by the employer for lack of jurisdiction. The Ohio Supreme Court affirmed the common pleas court's dismissal of the claim for lack of jurisdiction. Id. The court concluded that there was no change as to the status of her claim, and her right to participate remained undisturbed; therefore, the issue was one of extent of disability, not right to participate. Id. at 478. The Supreme Court clearly emphasized that the only action by the Commission that is appealable is the essential decision to grant, deny, or to terminate the employee's continued participation in the Workers' Compensation system, and only those decisions finalizing allowance or disallowance of the claim are appealable. Id. In the instant case, the Industrial Commission determined only that appellant's current need for treatment was related to the intervening incident, and was not causally related to the 1996 injury. The decision did not terminate appellant's right to participate for the 1996 injury. As noted by the district hearing officer, appellant did not bring forth medical evidence documenting that the 1996 injury necessitated the on-going medical treatment and lost time from work for which he was seeking reactivation of the claim, and temporary total disability compensation. However, the decision did not terminate his right to participate for the 1996 injury, or for future treatment for that injury, if he is able to medically demonstrate a causal connection. The Commission did not hold that the intervening accident terminated all right to benefits for the allowed claim. The court did not err in determining that the issue presented by the appeal was one of extent of disability, rather than disallowance of the claim. The assignment of error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
 __________ Gwin, P.J.
Hoffman, J., and Wise, J., concur.