OPINION
Appellants, Theresa A. Brown ("Brown") and Administrator, Bureau of Workers' Compensation ("BWC") appeal from the judgment of the Portage County Court of Common Pleas terminating Brown's right to participate in the workers' compensation system.
On November 12, 1990, Brown filed an application for workers' compensation benefits wherein she stated that, on November 2, 1990, while working as a flag person for appellee, Thomas Asphalt Paving Co. ("Thomas Asphalt"), she was struck by a car and sustained physical injuries. Appellee certified appellant's claim and the Industrial Commission of Ohio ("Industrial Commission") permitted Brown's claim for contusions to her left and right legs, contusion to her chest area, and chondromalacia of the left platella; appellee did not appeal from the findings and orders of the Industrial Commission.
On July 23, 1993, appellee filed a motion with the Industrial Commission alleging fraud and seeking to disallow Brown's claim. The Industrial Commission construed appellee's motion as a request for relief and to exercise its continuing jurisdiction, pursuant to R.C. 4123.52. After a hearing, a district hearing officer found: "that the Employer [had] presented insufficient evidence to make a finding of fraud and disallowed this claim" and denied appellee's motion. On appeal, a staff hearing officer affirmed the district hearing officer's order. Appellee again appealed, but the Industrial Commission refused his appeal on September 7, 1995.
Subsequently, Thomas Asphalt filed a notice of appeal in the court of common pleas.[1] Pursuant to R.C. 4123.512(D), Brown filed a complaint asserting her right to participate in the workers' compensation fund and setting forth the facts supporting her position. Appellee filed an answer and asserted the affirmative defense of fraud. On January 12, 2000, Brown filed a motion to dismiss, pursuant to Civ.R. 12(B)(1), alleging that the court of common pleas did not have jurisdiction to hear the matter. Brown filed a motion to clarify the issues and moved the court to impose the burden of proving the elements of fraud upon appellee. The court denied Brown's motions.
On July 28, 2000, the BWC also filed a motion to dismiss, arguing that the lower court lacked jurisdiction. On August 8, 2000, the trial court overruled both motions to dismiss, relying on Thomas v. Conrad (1998),81 Ohio St.3d 475. A jury trial commenced on August 8, 2000. Prior to beginning her case in chief, Brown moved for a directed verdict, arguing that appellee had not carried its burden. Her motion was overruled. At the close of Brown's case, she moved for a directed verdict and appellee moved for a directed verdict as to Brown's claims for injuries to her chest. The court overruled Brown's motion, but granted appellee's motion. After the parties had rested, Brown and the BWC moved for a directed verdict, arguing that appellee had not proven the elements of fraud. Despite finding that appellee had not established the elements of fraud, the court denied appellant's motion for a directed verdict.
The jury returned a verdict against Brown, finding that she was not entitled to participate in the workers' compensation fund for injuries sustained on November 2, 1990. From this judgment, appellant presents the following assignment of error:
 "[1.] The trial court erred when it overruled appellant's motions to dismiss for lack of subject matter jurisdiction pursuant to R.C. 4123.512.
 "[2.] If the trial court had jurisdiction to hear the employer's appeal, the trial court erred when it placed the burden of proof and the burden of going forward on the injured worker."
 In support of their first assignment of error, appellants argue that the decision of the Industrial Commission did not terminate Brown's right to participate in the workers' compensation fund, and thus, was not appealable to the trial court. Felty v. AT T Technologies, Inc., 65 Ohio St.3d 234, paragraph two of the syllabus. Instead, they contend that the appropriate remedy is an action in mandamus. In response, appellee contends that the controlling law is set forth in Thomas v. Conrad, supra, wherein the Supreme Court of Ohio explained that the trial court has subject matter jurisdiction when an employer questions the claimant's right to continue to participate by alleging fraud surrounding the claimant's initial application.The crux of this appeal concerns which decisions of the Industrial Commission may be appealed to the court of common pleas pursuant to R.C. 4123.512. Judicial review of Industrial Commission rulings may be sought in three ways: by direct appeal, by filing a mandamus petition, or by an action for declaratory judgment, pursuant to R.C. 2721. Felty, 65 Ohio St.3d at 237. "Which procedural mechanism a litigant may choose depends entirely on the nature of the decision issued by the commission. Each of the three avenues is strictly limited; if the litigant seeking judicial review does not make the proper choice, the reviewing court will not have subject matter jurisdiction and the case must be dismissed." Id.
While direct appeal may be taken to the court of common pleas where, as in the instant case, the Industrial Commission refuses to hear an appeal, the trial court's jurisdiction in workers' compensation matters is limited. See R.C. 4123.512(A). "Under R.C. 4123.512, claimants and employers can appeal Industrial Commission orders to a common pleas court only when the order grants or denies the claimant's right to participate." State ex re. Liposchak et al. v. Industrial Commission ofOhio (2000), 90 Ohio St.3d 276, 278-279. The Supreme Court of Ohio has consistently taken a narrow approach in interpreting R.C. 4123.512, formerly R.C. 4123.519. See, e.g., Felty, supra, at paragraph two of the syllabus (holding that "[o]nce the right of participation for a specific condition is determined by the Industrial Commission, no subsequent rulings, except a ruling that terminates the right to participate, are appealable * * *.")
This court has previously taken a similar view in Harper v.Administrator, Bureau of Workers' Compensation (Dec. 17, 1993), Trumbull App. No. 93-T-4863, unreported, 1993 Ohio App. LEXIS 6068, wherein we held that the court of appeals did not have subject matter jurisdiction to hear an appeal of the commission's refusal to vacate its previous order which did not relate to the right to participate in the Workers' Compensation Fund. We are not persuaded by appellee's argument thatThomas, supra, is controlling.
In Thomas, supra, the Supreme Court of Ohio explained that "its opinion did not change the reasoning in Moore v. Trimble (Dec. 21, 1993), Franklin App. No. 93APE08-1084, unreported, 1993 Ohio App. LEXIS 6024, and Jones v. Massillon Bd. of Edn., (June 13, 1994), Stark App. No. 94CA0018, unreported, 1994 Ohio App. LEXIS 2891 in which the "employers * * * questioned the claimants' right to continue to participate in the fund, alleging fraud with regard to facts surrounding the respective claimants' initial claims." Thomas, at 478-479. However, the court's explanation was dicta and, thus, not binding. Therefore we conclude thatHarper is controlling in the instant case; the court of common pleas lacked subject matter jurisdiction. Appellant's first assignment of error has merit.
While our conclusion as to appellant's assignment of error renders her second assignment moot, we note that the court erroneously placed the burden of proof on Brown. On appeal to the Common Pleas Court from an order of the Industrial Commission under R.C. 4123.512, "it must be presumed that the issue decided adversely * * * is the only issue before the court." Brennan v. Young (1996), 6 Ohio App.2d 175. Thus, the scope of appellee's appeal would have been limited to the ultimate issue decided adversely by the Industrial Commission: whether the appellee had sufficiently proven the elements of fraud.
Pursuant to the decisions in Felty, supra and Harper, supra, once the Industrial Commission ruled that there was no fraud, the court of common pleas lacked jurisdiciton to review the commission's ruling. Appellant had three options regarding judicial review of the industrial commission's decision: "by direct appeal to the courts of common pleas under R.C. [4123.512], by filing a mandamus petition in the Ohio Supreme Court or in the Franklin County Court of Appeals, or by an action for declaratory judgment pursuant to R.C. Chapter 2721." Felty, supra, at 237. Review of the record reveals that in the instant case appellant did not make the proper choice. Thus, the Lake County Court of Common Pleas did not have subject matter jurisdiction and the case should have been dismissed.
Fraud is an affirmative defense upon which the defendant has the burden of proof, pursuant to Civ.R. 8(C). An administrative finding of fraud will be made only if the prima facie elements of the civil tort of fraud are established, as set forth in Burr v. Board of County Com'rs of StarkCounty (1986), 23 Ohio St.3d 69, paragraph two of the syllabus. Since appellee had the burden of proving fraud to the Industrial Commission, it follows that at a de novo trial in the court of common pleas pursuant to R.C. 4123.512, appellee also had the burden of proving fraud.
Based on the foregoing analysis, the court of common pleas lacked subject matter jurisdiction and its judgment must be reversed and judgment entered for appellant.
JUDGE ROBERT A. NADER, O'NEILL, P.J., concurs, GRENDELL, J., concurs in part and dissents in part with concurring and dissenting opinion.
[1] While it is not disputed that Thomas Asphalt commenced an appeal in the court of common pleas, Thomas Asphalt's notice of appeal is not contained in the file. The record begins with the complaint filed by Brown in the Portage County Court of Common Pleas. Additionally, the record contains the decisions of the Industrial Commission, but does not include the motions of the parties or a transcript of the hearings.
 CONCURRING/DISSENTING OPINION