I concur in the majority's reversal of the lower court's decision in this case because I agree, with respect to appellants' second assignment of error, that the trial court erred when it placed the burden of proof on appellant Brown.
However, I do not agree with the majority's ruling on appellants' first assignment of error. The lower court did have subject matter jurisdiction in this case. Thomas v. Conrad (1998), 81 Ohio St.3d 475;Moore v. Trimble (Dec. 21, 1993), Franklin App. No. 93APE08-1084 unreported, 1993 Ohio App. LEXIS 6204; Jones v. Massillon Bd. of Edn. (June 14, 1994), Stark App. No. 94CA0018, 1994 Ohio App. LEXIS 2891. I believe that the reasoning of the Tenth Appellate District in Moore and the Fifth Appellate District in Jones is more pursuasive than our holding in Harper v. Administrator, Bureau of Workers' Compensation (Dec. 17, 1993), Trumbull App. No. 93-T-4863, unreported, 1993 Ohio App. LEXIS 6068.
While appellants' first assignment of error is without merit, I concur in the reversal of the lower court's ruling on the basis of appellants' second assignment of error. This matter should be remanded to the trial court for further proceedings, applying the proper burden of proof standards.
JUDGE DIANE V. GRENDELL