JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant, Daniel Levchak, appeals the common pleas court's order granting a motion for summary judgment in favor of defendant-appellee, American Spring Wire Corp. In granting defendant's motion, the court determined that it did not have subject matter jurisdiction over plaintiff's administrative appeal from a decision of the Industrial Commission ("Commission"). For the reasons that follow, we affirm the judgment of the common pleas court.
 {¶ 3} In May 1993, Plaintiff was working for defendant when a wire hit him in the face causing injuries to his mouth. Plaintiff filed for and received workers' compensation benefits for five broken teeth, designated as teeth nos. 1, 4, 8, 26, and 28.
 {¶ 4} In January 2000 and January 2001, respectively, plaintiff submitted two motions to the Bureau of Workers' Compensation (hereinafter "Bureau") requesting benefits for additional dental work. In each motion, plaintiff stated he required the additional dental work because of his original injury in 1993. To both motions plaintiff attached identical dental and hospital reports.
 {¶ 5} The first of plaintiff's motions, filed on January 24, 2000, was denied. Thereafter, the Commission denied plaintiff's appeal of that order. Rather than appeal the Commission's denial to the court of common pleas under R.C. 4123.512, plaintiff filed a second motion on January 16, 2001 with the Bureau. Again, he included the same documentation that had been attached to his first motion.
 {¶ 6} Plaintiff's second motion was denied in an Order dated February 12, 2001. In that order, the District Hearing Officer stated that plaintiff failed to specify exactly which teeth should receive additional allowance or to explain precisely what additional treatment was needed beyond that which he had previously requested in the first motion. The order noted that plaintiff had failed to provide any "new" medical evidence in support of his second motion.
 {¶ 7} Plaintiff appealed. On appeal, the February 12, 2001 order was affirmed by a staff hearing officer because the motion was virtually identical to plaintiff's first motion which had been denied. Plaintiff appealed this decision to the Commission, which refused to hear the appeal.
 {¶ 8} Plaintiff filed an administrative appeal of the Commission's decision and a "Complaint to Determine Compensation" in the common pleas court. In a motion for summary judgment defendant argued that the court lacked subject matter jurisdiction over plaintiff's appeal. The common pleas court agreed and granted defendant's motion. The court determined that it did not have jurisdiction to entertain the appeal because when the Commission denied plaintiff's claim it did so "on the basis that it related to conditions and teeth not allowed in his current claim. * * * [The Commission's] determination related to the extent of Levchak's disability and thus, is not appealable pursuant to R.C. 4123.512." Memorandum of Opinion and Order at vol 2746 pg 947.
 {¶ 9} Appealing the common pleas court granting summary judgment to defendant, plaintiff presents one assignment of error for our review:
 {¶ 10} "The trial court erred in granting summary judgment to defendant on the basis that the court lacked subject matter jurisdiction."
 {¶ 11} Plaintiff argues that the court erred in determining that it lacked subject matter jurisdiction over his appeal. Plaintiff maintains that his request for additional dental work is related to his original injury in 1993 and involves a determination of his right to participate in the fund, not a determination as to the extent of his 1993 injury, as held by the common pleas court.
 {¶ 12} R.C. 4123.512(A) declares a claimant may appeal any commission decision "other than a decision as to the extent of disability." "Under R.C. 4123.512, claimants and employers can appeal Industrial Commission orders to a common pleas court only when the order grants or denies the claimant's right to participate. Determinations as to the extent of a claimant's disability, on the other hand, are not appealable and must be challenged in mandamus." State ex rel. v.Liposchak (2000), 90 Ohio St.3d 276; Thomas v. Conrad (1998),81 Ohio St.3d 475, 477; Felty v. ATT Technologies, Inc. (1992),65 Ohio St.3d 234, 237.
 {¶ 13} "Litigants may seek judicial review of commission rulings in three ways: by direct appeal to the courts of common pleas under R.C.4123.519, by filing a mandamus petition in this court or in the Franklin County Court of Appeals, or by an action for declaratory judgment pursuant to R.C. Chapter 2721. Which procedural mechanism a litigant may choose depends entirely on the nature of the decision issued by the commission. Each of the three avenues for review is strictly limited; if the litigant seeking judicial review does not make the proper choice, the reviewing court will not have subject matter jurisdiction and the case must be dismissed." Felty, supra, at 237.
 {¶ 14} When employees ask to participate in the workers' compensation system because of a specific work-related injury or disease, they present a "claim." Thereafter, a decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's claim. The only action by the commission appealable under R.C. 4123.519 is the decision to grant, to deny, or to terminate the employee's participation or continued participation in the system.
 {¶ 15} A request for additional compensation in a case does not necessarily present a viable "claim" under the statute. The Ohio Supreme Court has stated that "a decision by the commission to allow or deny additional compensation for a previously allowed condition when there is no new condition is not appealable because it goes to the extent of the injury — there is no new claim." Felty, at 240 citing State exrel. Roope v. Indus. Comm. (1982), 2 Ohio St.3d 97 (mandamus held to be the proper remedy); State ex rel. Murray v. Indus. Comm. (1992),63 Ohio St.3d 473, (mandamus held to be the proper remedy).
 {¶ 16} In Thomas, supra, the Ohio Supreme Court clarified its previous holding in Felty, supra, by stating that under R.C. 4123.512, "[t]he only decisions of the commission that may be appealed to the courts of common pleas * * * are those that are final and that resolve an employee's right to participate or to continue to participate * * *."Thomas, supra, at 478.
 {¶ 17} Under Felty and Thomas, therefore, a decision by the commission to allow or deny additional compensation for a previously allowed condition when there is no new condition is not appealable because it goes to the extent of the injury. See Harper v. Orlando BakingCo. (May 7, 1998), Cuyahoga App. No. 72629.
 {¶ 18} "Once the right of participation for a specific condition is determined by the commission, no subsequent rulings, except a ruling that terminates the right to participate, are appealable pursuant to R.C. 4123.519." Felty, supra, at 238-239. When there is no new condition, a request for additional benefits involves questions about the extent of an injury. Under the statute, a request of this nature is not appealable to the common pleas court. Felty, supra.
 {¶ 19} In the case at bar, the record shows that after plaintiff's injury occurred in 1993, his right to participate in the workers' compensation fund for those injuries was approved by the commission. Under the foregoing authorities, the only order that the commission can issue and which remains appealable to the common pleas court is its decision, whenever it may occur, to terminate plaintiff's right to participate in the fund for the injuries flowing from the 1993 work incident.
 {¶ 20} Plaintiff's request for additional dental work on unspecified teeth derives from the specific condition that was allowed in 1993. As such, plaintiff's request requires the commission to determine the extent of plaintiff's injuries from 1993. As noted numerous times in the record before us, plaintiff never specified the exact nature of what he needed done, nor did he identify any new teeth or new conditions as the basis for his request. We agree with the common pleas court, therefore, when it determined that plaintiff's request did not involve a new injury and thus the court lacked subject matter jurisdiction over the appeal. The common pleas court did not err in granting summary judgment to defendant. Accordingly, plaintiff's sole assignment of error is overruled.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and TERRENCE O'DONNELL, J., CONCUR.