Cupp, J.,
concurring in judgment only.
{¶ 18} I concur in the judgment because the facts in this case do not justify a departure from the general rule stated in Felty v. AT & T Technologies, Inc. (1992), 65 Ohio St.3d 234, 602 N.E.2d 1141, paragraph two of the syllabus. The court in Felty noted that AT & T did not ask the commission to terminate Felty’s participation in the workers’ compensation system, but only to indefinitely suspend her claim because she refused to allow AT & T access to her medical records. Id. at 241, 602 N.E.2d 1141. Thus, the decision that AT & T sought to appeal from was not on Felty’s right to participate in the system. Accordingly, under paragraph two of the syllabus in Felty, the commission’s decision was not appealable.
{¶ 19} Similarly, in Thomas v. Conrad (1998), 81 Ohio St.3d 475, 692 N.E.2d 205, this court affirmed a decision that there was no right to appeal a denial of *352 the employer’s motion to limit or terminate a previously approved claim based on an intervening cause, a dog bite. The employer had argued that the dog-bite injuries superseded the injuries on the previously allowed claim and that payment on the claim should be terminated. The court ruled that unlike a situation involving fraud surrounding the injured worker’s initial claim, a decision on whether an intervening injury that was different from the injured worker’s allowed condition superseded the worker’s right to benefits pertained to extent of disability. The initial right to participate remained undisturbed. Accordingly, the decision was not appealable under R.C. 4123.512. Id. at 477-478, 692 N.E.2d 205.
Weber, Dickey & Bellman and Gregory W. Bellman Sr., for appellant Diazonia Benton.
{¶ 20} This court in Thomas specifically distinguished cases in which the employer had alleged fraud regarding facts surrounding the claimants’ initial claims. Id. at 478-479, 692 N.E.2d 205. In this case, Hamilton County Educational Service Center (“Hamilton ESC”) argues that the decision on its motion to terminate benefits related to Benton’s alleged fraud in her initial application for workers’ compensation benefits. That situation, Hamilton ESC argues, falls within the exception acknowledged in Thomas for fraud in the initial application, which would affect the injured worker’s initial right-to-participate determination.
{¶ 21} However, the facts in this case do not support Hamilton ESC’s characterization of the issue as one involving fraud in the initial application. Hamilton ESC did not appeal the initial determination that Benton was entitled to participate in the workers’ compensation system. Hamilton ESC does not contend that it was unable to discover evidence of the alleged fraud by the time of the initial determination of Benton’s right to participate. The evidence upon which Hamilton ESC bases its argument was not discovered until after that initial hearing. This case does not squarely present a situation of fraud in the initial application for workers’ compensation benefits.
{¶ 22} Consequently, this case falls within the rule in Felty and Thomas and does not present a necessary occasion for this court to determine whether those cases should be modified to accord a denial of a motion to terminate benefits based on fraud in the initial workers’ compensation claim as an immediately appealable decision on the injured worker’s right to participate in the workers’ compensation system.
{¶ 23} For these reasons, I concur in the judgment.
O’Donnell, J., concurs in the foregoing opinion.
*353 Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Kimberly A. Olson, Deputy Solicitor, Elise Porter, Assistant Solicitor, and James M. Carroll, Assistant Attorney General, for appellant Bureau of Workers’ Compensation.
Ennis, Roberts & Fischer Co., L.P.A., and David J. Lampe, for appellee.
Philip J. Fulton Law Office, William A. Thorman III, and Philip J. Fulton, urging reversal for amicus curiae, Ohio Association for Justice.