[Cite as *McKenzie v. Meijer, Inc.*, 2017-Ohio-1495.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


DEANNA MCKENZIE,                              :

    Plaintiff-Appellant,                     :        CASE NO.   CA2016-09-061

                             :        O P I N I O N
  - vs -                                  4/24/2017

                             :

MEIJER, INC., et al.,                              :

    Defendants-Appellees.                     :


CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2016 CVD 00715


Clements, Taylor, Butkovich & Cohen, Edward Cohen, 125 East Court Street, Suite 800, Cincinnati, Ohio 45202, for plaintiff-appellant

Dinsmore & Shohl LLP, Brian P. Perry, 225 East Fifth Street, Suite 1900, Cincinnati, Ohio 45202, for defendant-appellee, Meijer, Inc.


**PIPER, J.**

{¶ 1}  Plaintiff-appellant, Deanna McKenzie, appeals a decision of the Clermont County Court of Common Pleas, granting a motion to dismiss filed by defendants-appellees, Meijer, Inc., et. al.

{¶ 2}  McKenzie worked for Meijer, and in 2001, sustained a work-related injury to her hand and arm.  McKenzie was permitted to participate in the workers' compensation system for a claim of a lacerated right hand, reflex sympathetic dystrophy of the right upper

extremity, and depressive disorder. In 2015, McKenzie requested a scheduled loss award for a complete loss of the use of her right upper arm. At that time, Meijer arranged for McKenzie to be placed under surveillance.

{¶ 3} On the morning of a scheduled independent medical examination, McKenzie intimated that she was not able to drive because her reflex sympathetic dystrophy was flaring up and she could not come to the appointment. While the appointment was canceled, the surveillance was not. A surveillance video taken that day shows McKenzie driving to a store, going shopping, and using both of her arms to lift and carry bags from the store. After the surveillance video was shared with McKenzie's attorney, she withdrew her request for the scheduled loss award.

{¶ 4} McKenzie thereafter filed a request for authorization of 16 chiropractic treatments, which was denied by Meijer based on an independent medical examination that was conducted sometime after the surveillance video was taken. After Meijer denied the request, the matter was referred to the Industrial Commission for a hearing. The hearing officer also denied the request. McKenzie then filed an appeal from the hearing officer's denial with an Industrial Commission Staff Hearing Officer, who affirmed the denial of the chiropractic treatments.

{¶ 5} Within the decision affirming the denial, the hearing officer found that the treatments were not medically reasonable or appropriate given McKenzie's allowed conditions, and that the treatments were not medically necessary. McKenzie filed an appeal from the Industrial Commission's decisions with the Clermont County Court of Common Pleas.

{¶ 6} In response to McKenzie's appeal to the common pleas court, Meijer filed a motion to dismiss for lack of jurisdiction. Meijer argued that the statute granting appellate rights was inapplicable because the Industrial Commission's orders were specific to decisions

involving the extent of disability issues rather than the right to participate in the workers' compensation system. The common pleas court granted Meijer's motion to dismiss. McKenzie now appeals the common pleas court's decision, raising the following assignment of error.

{¶ 7} THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO DISMISS.

{¶ 8} McKenzie argues in her assignment of error that the common pleas court erred in dismissing her appeal for lack of jurisdiction.

{¶ 9} Meier filed its motion to dismiss according to Civ.R. 12(B)(1) and (6) asserting that either the common pleas court lacked jurisdiction or McKenzie had not stated a claim for which relief could be granted. The common pleas court granted the motion based on Civ.R. 12(B)(1), finding that it lacked subject matter jurisdiction over McKenzie's appeal.

{¶ 10} We conduct a de novo review of a common pleas court's decision on a motion to dismiss a complaint for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1). *Bla-Con Indus. v. Miami Univ.*, 12th Dist. Butler No. CA2006-06-127, 2007-Ohio-785. This review involves a determination of whether the complaint raised any cause of action cognizable by the forum in which it was filed. *Id.*

{¶ 11} According to R.C. 4123.512(A), a claimant has the right to appeal a decision of the Industrial Commission regarding permission to participate in the workers' compensation system, but cannot file an appeal if the issue involves "a decision as to the extent of disability." "Any issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue." *State ex rel. Liposchak v. Indus. Comm'n.*, 90 Ohio St.3d 276, 280 (2000).

{¶ 12} A decision regarding the extent of a claimant's disability is not appealable to the common pleas court, but instead must be challenged in an action for mandamus.

*Thomas v. Conrad*, 81 Ohio St.3d 475 (1998). As such, the Ohio Supreme Court has determined that appeals initiated from Industrial Commission extent-of-disability findings are to be dismissed by the court of common pleas for lack of subject matter jurisdiction. *Id*. However, a claimant can appeal a decision of the Industrial Commission to "terminate the employee's participation or continued participation in the system." *Id*. at 478.

{¶ 13} As such, McKenzie now claims that the Industrial Commission's denial of her chiropractic services was tantamount to terminating her continued participation in the workers' compensation system. We disagree. Instead, McKenzie's request for chiropractic services was merely a request for a specific type of medical treatment, and the denial of such was based on the extent of her injury. The denial of chiropractic services did not, however, terminate McKenzie's participation in the workers' compensation system.

{¶ 14} We find the case at bar very similar to one decided by the Fourth District Court of Appeals in which the court affirmed a decision finding a lack of subject matter jurisdiction where the appellant appealed the Industrial Commission's denial of his request for chiropractic treatment. *Plashek v. Ryan*, 4th Dist. Scioto No. 08CA3230, 2008-Ohio-5973. Therein, the court recognized that a decision of the Industrial Commission does not determine an employee's right to participate in the workers' compensation system "unless the decision finalizes the allowance or disallowance of the employee's claim." *Id*. at ¶ 12. The court went on to quote the Ohio Supreme Court for the proposition that '"the Industrial Commission's decision to grant or deny additional benefits under an existing claim does not determine the worker's right to participate in the State Insurance Fund, and is not subject to appeal pursuant to * * * R.C. 4123.519."' *Id*., quoting *State ex rel. Evans v. Indus. Com. of Ohio*, 64 Ohio St.3d 236 (1992), paragraph two of the syllabus.

{¶ 15} Based on relevant Ohio Supreme Court precedent, therefore, the Fourth District concluded, "appellant cannot appeal the decision to deny him additional benefits for

chiropractic treatment under a previously allowed claim. The decision does not permanently foreclose appellant from receiving further benefits under the claim. Rather, it only denies him benefits for this particular treatment." *Ryan* at ¶ 14.

{¶ 16} Like *Ryan*, the record sub judice indicates that the common pleas court lacked jurisdiction to consider the appeal where denial of a request for chiropractic services did not permanently foreclose McKenzie from receiving further benefits from her existing claim, but rather, only denied her benefits for the particular treatment of chiropractic services.

{¶ 17} McKenzie asserts that the denial of the chiropractic services has the "practical effect" of terminating her involvement in the workers' compensation system because the Industrial Commission relied on the surveillance video and an independent doctor's report indicating that medial services are no longer necessary. However, such an assertion is not supported by the record where the Industrial Commission neither terminated McKenzie's right to participate in the workers' compensation system nor adopted the doctor's suggestion that no further medical services were necessary for McKenzie. While the Staff Hearing Officer relied on information within the doctor's report, it did not change the status of McKenzie's claim. As such, the Staff Hearing Officer's denial of chiropractic services had no impact on McKenzie's right to participate in the workers' compensation system. Instead, the denial of chiropractic services was limited to the extent of McKenzie's disability, which is not appealable to the common pleas court.

{¶ 18} The common pleas court properly determined that it lacked jurisdiction to determine an appeal based on an extent-of-disability issue. Therefore, McKenzie's single assignment of error is overruled.

{¶ 19} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

- 5 -