RINGLAND, J., dissenting.
{¶ 21} I respectfully dissent from the majority's decision in resolution of Turner's assignment of error. This court conducts a de novo review of a decision dismissing a complaint for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1). McKenzie v. Meijer, Inc. , 12th Dist. Clermont, 2017-Ohio-1495, 89 N.E.3d 18, ¶ 10. This review involves a determination of whether the complaint raised any cause of action cognizable by the forum in which it was filed. Id.
*608 {¶ 22} The majority opinion broadly defines the ecclesiastical abstention doctrine in a manner that oversteps the original intent of the doctrine. Turner's first cause of action for breach of contract states a cognizable, secular claim. In relevant part,
The pastor, after prayerful consideration, shall give the church sixty (60) days written notice of his decision to relinquish the pastorate, and, if after prayerful consideration, the church for any reason relieves him of his duties, he shall receive two (2) months' salary at his regular rate.
{¶ 23} This provision does not implicate "spiritual considerations," but merely authorizes a severance payment in the event the church "for any reason relieves him of his duties. " (Emphasis added.) This court need not reach any decision as to ecclesiastical concerns regarding church discipline, faith, or organization. Instead, whether Turner is entitled to payment may be resolved by determining whether the conditions precedent were satisfied in the above-referenced provision.
{¶ 24} Turner's second cause of action for defamation also should not have been dismissed as lacking subject matter jurisdiction, as that determination is premature based on the factual allegations contained in the complaint. This court should not presume that the purported false statements concerned matters of ecclesiastic concern. As a result, with regard and respect for my colleagues in the majority, I must respectfully dissent.