[Cite as *Studnicka v. Bur. of Workers' Comp.*, 2012-Ohio-4266.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ROBERT STUDNICKA, | : | APPEAL NO. C-110724 |
| | | TRIAL NO. A-0905674 |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | : | |
| ADMINISTRATOR, OHIO BUREAU | : | |
| OF WORKERS' COMPENSATION, | | |
| | : | |
| Defendant-Appellee, | : | |
| and | | |
| | : | |
| GREEN TOWNSHIP POLICE, | | |
| | : | |
| Defendant. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
    Remanded

Date of Judgment Entry on Appeal:  September 21, 2012

*Fox & Fox Co, LPA, Bernard C. Fox, Jr.,* and *M. Christopher Kneflin* for Plaintiff-Appellant,

*Michael DeWine*, Attorney General of Ohio, and *Dianna K. Bond*, Assistant Attorney General, for Defendant-Appellee.

Please note:  This case has been removed from the accelerated calendar.

**DINKELACKER, Judge.**

{¶1}    The Ohio Bureau of Workers' Compensation ("BWC") denied the claim of plaintiff-appellant Robert Studnicka for compensation for additional conditions related to a workplace injury.  Studnicka appealed that decision to the trial court, which partially affirmed the BWC's decision after a bench trial.  On appeal, Studnicka claims that the trial court's decision denying his claim in part was against the manifest weight of the evidence.  We agree.

### Facts and Procedural Background

{¶2}    On September 4, 2008, Studnicka was working as a police officer for Green Township when he injured his left knee.  He was initially diagnosed with a torn medial meniscus—a condition that was allowed by the BWC.  After subsequent treatment, Studnicka's treating orthopedic surgeon diagnosed the additional conditions of left knee synovitis and osteoarthritis.  Surgery to treat those conditions allowed Studnicka to return to work.

{¶3}    When Studnicka filed for the additional conditions of synovitis and osteoarthritis, his application was denied by the BWC.  He then filed an appeal of that determination with the trial court.  At the bench trial, Studnicka offered the testimony of his treating orthopedic surgeon.  A second surgeon testified on behalf of the BWC.  Both experts acknowledged that Studnicka's left knee had contained osteoarthritis prior to his industrial injury, but they differed as to whether the accident "substantially aggravated" the condition.  The trial court concluded that the BWC had properly denied the condition, finding that Studnicka had failed to show that the osteoarthritis was a preexisting condition.  And, "[i]f the osteoarthritis was

not a preexisting condition, then it was not substantially aggravated by the * * * industrial accident."

{¶4}    As to the synovitis, both experts agreed that it was related to the accident, so the trial court directed a verdict in favor of Studnicka on that issue.

### Finding Contrary to Undisputed Evidence
### Requires Reversal

{¶5}    In one assignment of error, Studnicka claims that the decision of the trial court upholding the BWC's decision denying his claim for aggravation of his osteoarthritis was against the manifest weight of the evidence.  When addressing a manifest-weight-of-the-evidence challenge, this court uses the same standard in civil cases as in criminal matters.  *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17-23.  Therefore, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.  *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶6}    To succeed on his workers' compensation claim to participate for the additional conditions, Studnicka had to demonstrate by a preponderance of the evidence that he suffered from the additional conditions and that they had been proximately caused by his workplace injury.  R.C. 4123.01(C).  In order to make that claim based on the aggravation of a preexisting condition, he had to show that the condition was "substantially aggravated" by the accident.  R.C. 4123.01(C)(4).

{¶7}    In this case, both experts agreed that Studnicka had osteoarthritis in his left knee, and that the condition had existed at the time of the injury.  Expert testimony is not necessarily conclusive—even when it is not contradicted by the

opposing party's evidence. *See State v. Brown*, 5 Ohio St.3d 133, 135, 449 N.E.2d 449 (1983). But the trier of fact may not arbitrarily ignore expert testimony. *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905, ¶ 71-73. Some objective reasoning must support the decision to reject it. *Id.*

{¶8} In this case, the record does not contain any competent, credible evidence to support the trial court's judgment denying Studnicka the right to participate in the workers' compensation fund for the additional condition requested. Both sides agreed that he suffered from osteoarthritis in his left knee and that the condition existed prior to his workplace injury. The only dispute was whether the condition was substantially aggravated by the accident. There is no evidence in the record to support the trial court's conclusion that Studnicka did not suffer from a preexisting condition.

### Conclusion

{¶9} As this court recently noted, we must indulge every reasonable presumption in favor of the trial court's judgment. *Bell v. Bur. of Workers' Comp.*, 1st Dist. No. C-110166, 2012-Ohio-1364, ¶ 27 (citations omitted). But for that presumption to apply, the decision must be supported by competent, credible evidence. *See id.*

{¶10} Because the determination made by the trial court is not supported by the record, the decision was against the manifest weight of the evidence. We therefore sustain Studnicka's sole assignment of error, reverse the portion of the trial court's judgment upholding the BWC's denial of his claim for aggravation of his left-knee osteoarthritis, and remand the case to the trial court for a new trial on the issue of compensation for aggravation of the left-knee osteoarthritis. *See Hanna v.*

4

*Wagner*, 39 Ohio St.2d 64, 66, 313 N.E.2d 842 (1974). The court's judgment is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**HILDEBRANDT, P.J.,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

