[Cite as *Fischoff v. Hamilton*, 2012-Ohio-4785.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ALAN FISCHOFF, | : | APPEAL NO. C-120200 |
| | | TRIAL NO. A-1006335 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| CAROLYN HAMILTON, | : | |
| | | |
| Defendant-Appellant. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  October 17, 2012


*Alan Fischoff,* pro se,

*Cors & Bassett, LLC,* and *Michael L. Gay,* for Defendant-Appellant.


Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge**.

{¶1} Defendant-appellant Carolyn Hamilton appeals the judgment entered by the Hamilton County Court of Common Pleas in a lawsuit filed by plaintiff-appellee Alan Fischoff to collect payment for legal services. The judgment was entered following a bench trial.

### Hamilton's Divorce and Fischoff's Representation

{¶2} In May 2006, Hamilton retained Fischoff to represent her in a divorce action against Jimmy McRae. Hamilton and Fischoff entered into a written agreement under which Fischoff was to be paid at an hourly rate of $250.

{¶3} At the outset of the divorce proceedings, Fischoff filed a motion on Hamilton's behalf seeking an advance award of attorney fees. The domestic relations court granted that motion and ordered McRae to pay $5,000 in fees.

{¶4} The divorce action was contentious and protracted, spanning approximately three years. Pursuant to the divorce decree, Hamilton was awarded the marital residence and over $250,000, as well as $3,500 per month in spousal support, $853 per month in child support, and another monthly payment of $1,000 to equalize the property division.

### The Purported Modification of the Fee Agreement

{¶5} At the close of the divorce proceedings, Fischoff calculated that Hamilton owed him $49,125 minus the $5,000 that had already been paid by McRae. On September 23, 2009, Hamilton submitted a document to Fischoff proposing that the parties settle the balance owed for $22,000. Fischoff assented to the proposal, and on October 9, 2009, Hamilton made a payment of $17,000 toward the balance. But despite her assurance that she would pay the remaining $5,000 by January 11, 2010, Hamilton never paid that sum.

{¶6} On July 7, 2010, Fischoff filed suit, seeking enforcement of the original fee agreement. At trial, Fischoff testified that the hourly rate as well as the number of hours expended had been reasonable. That testimony was corroborated by attorney Stanley Claybon,

who had assisted Fischoff in the divorce action. Hamilton contended that she was liable, at most, for the $5,000 due under the settlement that she had proposed to Fischoff.

{¶7} The trial court held that the proposed settlement was invalid for lack of consideration. But the court held that, even if there had been consideration for an amendment to the original agreement, Hamilton's failure to fulfill the terms of the amended agreement rendered it a nullity. Accordingly, the trial court entered judgment in the amount of $27,125, which represented the sum due under the original fee agreement minus the $22,000 already paid.

## Hamilton's Breach of the Fee Agreement

{¶8} In a single assignment of error, Hamilton argues that the trial court erred in entering judgment in favor of Fischoff. She first contends that the court erred in refusing to enforce what she characterizes as the "modified fee agreement."

{¶9} We assume, for the sake of discussion only, that there was adequate consideration for the modification of the original agreement. But as the trial court held, even if the amended agreement had been valid, Hamilton's failure to abide by its terms relieved Fischoff of any contractual obligation to accept less than the amount set forth in the original agreement. *See, e.g., Comstock Homes, Inc. v. Edwards-Smith*, 9th Dist. No. 24627, 2009-Ohio-4864 ¶ 8, citing *Thomas v. Matthews,* 94 Ohio St. 32, 113 N.E.2d 669 (1916), paragraph one of the syllabus. Thus, we find no error in the trial court's refusal to enforce any modification of the fee agreement.

## Fischoff's Alleged Dereliction of Duty

{¶10} Hamilton next argues that the trial court erred in failing to reduce the damage award to account for Fischoff's alleged negligence in failing to seek a larger award of attorney fees from McRae. In essence, she argues that the trial court's award of the full amount sought by Fischoff was against the manifest weight of the evidence.

{¶11} When addressing a challenge to the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the

trier of fact clearly lost its way and created a manifest miscarriage of justice. *Studnicka v. Admr., Ohio Bur. of Workers' Comp.,* 1st Dist. No. C-110724, 2012-Ohio-4266 ¶ 5; *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 17-23.

{¶12} In this case, the judgment was in accordance with the evidence. Fischoff presented the testimony of Claybon, who testified that an award of attorney fees would not have been likely in light of the large property award and support orders that Hamilton had received in the divorce. And Fischoff testified that he had considered the pursuit of attorney fees to be a vain act for the same reasons. Hamilton did not refute that evidence with any expert testimony. Thus, we cannot say that the trial court lost its way in awarding Fischoff the entire amount due under the fee agreement. We overrule the assignment of error.

## Conclusion

{¶13} The judgment of the trial court is affirmed.

Judgment affirmed.

**HENDON** and **CUNNINGHAM, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

4