[Cite as *Moore v. Administrator*, 2015-Ohio-3969.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| LARRY MOORE, | : | APPEAL NO. C-140413 |
| | | TRIAL NO. A-1301340 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| STEPHEN BUEHRER, | : | |
| ADMINISTRATOR, OHIO BUREAU | | |
| OF WORKERS' COMPENSATION, | : | |
| | | |
| and | : | |
| | | |
| SHEFFER CORPORATION, | : | |
| | | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  September 30, 2015

*Fox & Fox Co. L.P.A., Bernard C. Fox, Jr.,* and *M. Christopher Kneflin*, for Plaintiff-Appellant,

*Michael DeWine*, Ohio Attorney General, and *Jose Martinez,* Assistant Attorney General, for Defendant-Appellee Administrator, Ohio Bureau of Workers' Compensation,

*Graydon Head & Ritchey LLP,* and *Brian C. Thomas*, for Defendant-Appellee Sheffer Corporation.

Please note:   this case has been removed from the accelerated calendar.

**CUNNINGHAM, Judge.**

{¶1}     Plaintiff-appellant Larry Moore appeals from the judgment of the common pleas court denying him, after a bench trial, the right to participate in the Ohio Workers' Compensation Fund for injuries sustained to his right shoulder in a February 3, 2010, work accident.  Because we determine that the trial court's judgment is against the manifest weight of the evidence, we reverse.

{¶2}     Moore, an assembler at defendant-appellee Sheffer Corporation, injured his right shoulder at work on September 3, 2009, while using a torque wrench.  He ultimately applied for and received workers' compensation benefits for this injury.  But he continued to work for the next several months.

{¶3}     On February 3, 2010, Moore was again using a large torque wrench when he felt a "pop" in his right shoulder.  He felt immediate pain that was much worse than that felt in September.  He reported the injury and sought medical treatment.  He was treated by a physician at Bethesda Hospital, by his family doctor, and finally by Dr. Suresh Nayak, a board-certified orthopedic surgeon.

{¶4}     Moore first saw Dr. Nayak on March 1, 2010.  Dr. Nayak took a history of Moore's injuries and treatment.  He reviewed a MRI taken after the February injury and conducted his own physical examination.  The examination revealed pain and weakness in Moore's right shoulder, with signs of impingement.  Moore was unable to raise his right arm.  Based upon his examination and his interpretation of the MRI, Dr. Nayak determined that there was an acute tear of Moore's right rotator cuff.  The doctor found this injury consistent with Moore's description of the February incident.

{¶5}     Dr. Nayak performed arthroscopic surgery on Moore in June 2010.  The surgery was only partially successful.  The surgery, follow-up physical therapy, and other surgical procedures were all compensated by the Industrial Commission, but under the claim number assigned to Moore's 2009 injury.

{¶6}    Moore's second, or 2010, claim, for the right rotator-cuff injury, was denied by the Industrial Commission. Moore appealed to the common pleas court. At trial, Dr. Nayak was the only medical expert to give testimony. In his trial deposition, Dr. Nayak stated to the requisite degree of medical certainty that Moore suffered a right-shoulder sprain/strain, and acutely tore his right rotator cuff as a proximate result of the February 2010 workplace injury. He testified that Moore would not have been able to return to work between September 2009 and February 2010 had he sustained this injury in the earlier incident. Dr. Nayak could not explain why requests for coverage for treatment of the rotator-cuff tear had been made by his office under the 2009 claim number. Nonetheless, the trial court ruled against Moore stating that "there was basically one injury and that [Moore] is being compensated by Workman's Compensation fully for that injury." This appeal ensued.

{¶7}    In his first assignment of error, Moore argues that the trial court's decision was against the manifest weight of the evidence where he demonstrated his right to participate by a preponderance of the evidence based upon the testimony of the sole medical expert at trial. We agree.

{¶8}    In an appeal under R.C. 4123.512, from an order of the Industrial Commission, the trial court reviews de novo the issue of whether the claimant can participate in the workers' compensation fund. *See Thomas v. Conrad*, 81 Ohio St.3d 475, 477, 692 N.E.2d 205 (1998). But once a claimant's right to participate in the fund has been established, the commission has exclusive jurisdiction to determine the extent of the participation. *See Brecount v. Proctor & Gamble Co.*, 166 Ohio St. 477 (1957), paragraph two of the syllabus; *see also Boston v. Daugherty*, 12 Ohio App.3d 8, 465 N.E.2d 1321 (1st Dist.1984). Determinations as to the extent of a claimant's disability, or as to which claim various procedures will be compensated under, are not appealable to the common pleas court. *See Benton v.*

3

*Hamilton Cty. Educational Serv. Ctr.*, 1st Dist. Hamilton No. C-070223, 2008-Ohio-4272, ¶ 7, citing *Conrad* at paragraph two of the syllabus.

{¶9} This court reviews the trial court's decision denying Moore's right to participate under a manifest-weight-of-the-evidence standard. *See Bell v. Bur. Of Workers' Comp.*, 1st Dist. Hamilton No. C-110166, 2012-Ohio-1364, ¶ 22. Therefore, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517; *see also Studnicka v. Admr.*, 1st Dist. Hamilton No. C-110724, 2012-Ohio-4266, ¶ 5; *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶10} To succeed on his claim to participate, Moore had to demonstrate by a preponderance of the evidence that the right-rotator-cuff, right-shoulder-sprain/strain injury had been proximately caused by his February 2010 workplace injury. *See Fox v. Indus. Comm. of Ohio*, 162 Ohio St. 569, 125 N.E.2d 1 (1955), paragraph one of the syllabus; *see also Rubenbauer v. C.W. Zumbiel Co.*, 1st Dist. Hamilton No. C-120486, 2013-Ohio-929, ¶ 5. Dr. Nayak was the sole medical expert to testify in the proceeding. The record reveals that Dr. Nayak was aware of both the September 2009 and the February 2010 workplace injuries. He examined Moore after the latter injury. Dr. Nayak had reviewed Moore's medical records, including records of an examination at Bethesda Hospital, on February 3, 2010, which did not identify a contemporaneous injury. Dr. Nayak ordered additional radiological studies and ultimately performed several surgeries on Moore's right shoulder. Dr. Nayak's opinion that the February 2010 workplace injury was the proximate cause of the rotator-cuff tear was uncontroverted and was supported by substantial objective medical evidence and the history of the injury as presented by the trial testimony.

{¶11}   As we held in *Studnicka*, "[e]xpert testimony is not necessarily conclusive—even when it is not contradicted by the opposing party's evidence.  But the trier of fact may not arbitrarily ignore expert testimony. Some objective reasoning must support the decision to reject it." *Studnicka*, 1st Dist. Hamilton No. C-110724, 2012-Ohio-4266, at ¶ 7, citing *State v. Brown*, 5 Ohio St.3d 133, 135, 449 N.E.2d 449 (1983), and *State v. White*, 118 Ohio St.3d 12, 2008-Ohio-1623, 885 N.E.2d 905; *see Bell v. Bur. of Workers' Comp.*, 1st Dist. Hamilton No. C-110166, 2012-Ohio-1364, ¶ 27.   Here, nothing in the record supports the trial court's judgment that Moore was not entitled to participate in the fund for his February 2010 injury.   There was ample evidence to support Dr. Nayak's conclusion that Moore's rotator-cuff injury and right shoulder sprain/strain were the proximate result of the February 3, 2010 workplace injury.   The allocation of treatment compensation to the appropriate claim remains for the Industrial Commission to resolve, and was not a proper basis for the trial court's determination.

{¶12}   Because the determination made by the trial court is not supported by the record, the decision was against the manifest weight of the evidence. Accordingly, we sustain the first assignment of error, and we reverse the trial court's decision based on the manifest weight of the evidence.  In light of our resolution of the first assignment of error, Moore's remaining assignments of error are rendered moot.  *See* App.R. 12(A)(1)(c).

{¶13}   Therefore, we remand the cause for the trial court to enter a judgment allowing Moore to participate in the workers' compensation fund for the injury to his shoulder sustained on February, 3, 2010, and to resolve Moore's claim for costs, including attorney fees, under R.C. 4123.512(F).

Judgment reversed and cause remanded.

**HENDON, P.J.,** and **MOCK, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.

