[Cite as *Salyers v. Buehrer*, 2015-Ohio-4507.]

# IN THE COURT OF APPEALS

## FIRST APPELLATE DISTRICT OF OHIO

## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CURTIS E. SALYERS, III, | : | APPEAL NO. C-140756 |
| | | TRIAL NO. A-1305938 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| STEPHEN BUEHRER, Adminstrator, | : | |
| Ohio Bureau of Workers' | | |
| Compensation, | : | |
| | | |
| Defendant, | : | |
| | | |
| and | : | |
| | | |
| CINERGY CORP., | : | |
| | | |
| Defendant-Appellant. | | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Judgment Entered

Date of Judgment Entry on Appeal:  October 30, 2015

*Richard L. Moore* and *Julie M. Bruns*, for Plaintiff-Appellee,

*Bernard C. Fox* and *M. Christopher Kneflin*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1} This is an appeal from a trial court decision allowing a worker to participate in the workers' compensation fund for three conditions. The claimant's expert testified that the conditions were either directly caused by a workplace injury or substantially aggravated by a workplace injury. The expert, however, was unable to say which of the two alternative theories applied. And the record does not contain "objective" medical evidence of the type required to recover under a substantial-aggravation theory. Under these circumstances, we conclude that the trial court erred in allowing the worker to participate in the fund for the conditions that are subject of this appeal.

## I.     Background

{¶2} Curtis Salyers injured his shoulders and lower back in 2010 when he slipped while attempting to remove snow that had accumulated on the back of his work truck. He was initially permitted to participate in the workers' compensation fund for strains in both shoulders and lower back. In 2013, Mr. Salyers sought allowance of four additional conditions: a disc bulge, a disc herniation, spondylolisthesis, and radiculopathy. The Industrial Commission denied Mr. Salyers's request, and he appealed to the Hamilton County Court of Common Pleas. After conducting a bench trial, the trial court allowed participation for all conditions except the disc herniation. Mr. Salyers's employer, Cinergy Corp. ("Cinergy"), appeals to this court.

## II.     Analysis

{¶3} In its sole assignment of error, Cinergy argues that the trial court erred in permitting the additional conditions, because the opinion of Mr. Salyers's medical expert, Dr. Ian Rodway, was insufficient to establish causation. Cinergy complains that Dr. Rodway never committed to a theory of causation but stated only that the workplace

2

accident either directly caused the injury or substantially aggravated a preexisting condition. This wasn't good enough, says Cinergy, because the expert was unable to testify to a reasonable degree of medical certainty as to either theory.

{¶4} A claimant seeking to participate in the workers' compensation fund must show a direct or proximate causal relationship between a workplace accident and the injury. *Fox v. Indus. Comm. of Ohio*, 162 Ohio St. 569, 576, 125 N.E.2d 1 (1955). Where medical expert testimony is necessary to demonstrate causation, the expert must testify that "the injury was 'more likely than not' caused by or substantially aggravated by the accident." *Rubenbauer v. C.W. Zumbiel Co.*, 1st Dist. Hamilton No. C-120486, 2013-Ohio-929, ¶ 6.

{¶5} Dr. Rodway testified that the conditions were *either* directly caused by or substantially aggravated by the accident. But, he couldn't say which one. For example, as to the disc bulge, he stated, "He had no pain prior to the injury and he had pain after so therefore his low back condition was either caused by or aggravated by his injury but without previous imaging studies you don't know [whether it was one or the other]." He testified similarly as to the other conditions. He based his conclusion that there was either direct causation or substantial aggravation on the simple fact that "he had no pain prior and he had pain following the accident."

{¶6} Substantial aggravation and direct causation are different theories of causation that may be used to satisfy the employee's burden of showing entitlement to participate in the workers' compensation fund. Either theory may suffice as long as the employee shows that it is "probable" or "more likely than not" that the workplace accident caused the injury. The difficulty here is that while Dr. Rodway opined that it was probable that Mr. Salyers's conditions were caused by the workplace accident, he was not able to opine that it was probable that the accident

was a direct cause of the injury or that it was probable the accident substantially aggravated a preexisting injury. At first blush, this might not seem like a problem since either theory is sufficient to support recovery. The rub, though, is that the legislature has established specific criteria for a substantial aggravation that are not met in this case.

{¶7}   R.C. 4123.01(C)(4) provides that an "[i]njury" does not include "[a] condition that pre-existed an injury unless that pre-existing condition is substantially aggravated by the injury." A "substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results." R.C. 4123.01(C)(4). And while "[s]ubjective complaints may be evidence of such a substantial aggravation[,] * * * subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation." *Id.* A plaintiff does not necessarily need to present pre-injury medical documentation to establish a substantial aggravation, but there must be some objective medical evidence that establishes that the accident substantially aggravated a preexisting condition. *See, e.g., Lake v. Anne Grady Corp.*, 2013-Ohio-4740, 999 N.E.2d 1203, ¶ 20 (6th Dist.).

{¶8}   In this case, there were "no objective diagnostic findings, objective clinical findings, or objective test results" to substantiate the substantial aggravation of a preexisting injury. Dr. Rodway was quite clear that since there were no imaging tests from before the workplace accident, he could not say if there was any preexisting condition. Nor could Dr. Rodway say that any of the post-accident medical tests or diagnostic findings substantiated the aggravation of a preexisting condition. He simply testified that since there was no indication of pain before the accident, the accident must have either directly caused or substantially aggravated

4

Mr. Saylers's conditions. This is precisely the type of evidence—"subjective complaints without objective" findings or test results—that R.C. 4123.01(C)(4) tells us is not sufficient to establish substantial aggravation.

{¶9} This brings us back to Dr. Rodway's opinion that the accident caused the injury under one of the two alternative theories of causation. Since the evidence of substantial aggravation was legally insufficient, we are left to consider whether there was sufficient evidence of direct causation. Plainly, there was not. Dr. Rodway could not say that it was probable or more likely than not that the accident directly caused the conditions. He could only say that it was more likely than not that one of the two alternative theories applied. But once the possibility of substantial aggravation is disregarded, we are left without any expert testimony opining that it was more probable than not that the conditions were caused by a workplace accident.

{¶10} The dissent concludes that the court properly allowed two of the conditions—disk bulge at L4-L5 and spondylolisthesis at L5-S1—on the basis that there existed "objective diagnostic findings, objective clinical findings, or objective test results" documenting the substantial aggravation of a preexisting condition. In doing so, it adopts a construction of the medical evidence at odds with the testimony of claimant's own expert, Dr. Rodway. As to the disk bulge:

> Q. To medical probability would it be fair to say that the disk bulge preexisted this date of injury?
>
> A. Again I don't know, it may have. Without having previous imaging you don't know direct, its not like fracture or something, its something that we see in non injury conditions so--.

As to the spondylolisthesis,

Q. [B]ased on your background, education and training

* * * review of his records and diagnostic testing do you

have an opinion as to whether or not the

spondylolisthesis would have pre-existed the December

of 2010 work injury here?

A. I don't know.

Dr. Rodway was unequivocal that there was no objective evidence of the substantial aggravation of a preexisting injury. The dissent cites an MRI and CT discogram taken over a year after the accident as "objective test results" to support the substantial aggravation of a preexisting condition. But as Dr. Rodway explained, these tests only demonstrated that Mr. Saylers had the condition at the time of his surgery. They did not demonstrate whether these conditions preexisted the accident or whether the accident substantially aggravated these conditions. The record is completely devoid of the objective medical evidence necessary under R.C. 4123.01(C)(4) to establish a substantial aggravation.

{¶11}   The assignment of error is sustained. As a consequence, we are compelled to reverse the decision of the trial court and enter judgment in favor of Cinergy.

Judgment accordingly.

**MOCK, J.,** concurs.
**STAUTBERG, J.,** concurs in part and dissents in part.

**STAUTBERG, J.,** concurring in part and dissenting in part.

{¶12}   I concur in the majority's opinion reversing the trial court's judgment concerning Salyers's claim for participation in the workers' compensation system for radiculopathy at L5-S1. I respectfully dissent in regard to Salyers's other conditions,

and would affirm the trial court's judgment that Salyers be allowed to participate in the fund for his disk bulge at L4-L5 and spondylolisthesis at L5-S1.

{¶13} In order to participate in the workers' compensation system, a claimant needs "to demonstrate by a preponderance of the evidence that he suffered from the conditions alleged and that they had been proximately caused or had been substantially aggravated by his workplace accident." *Rubenbauer v. C.W. Zumbiel Co.*, 1st Dist. Hamilton No. C-120486, 2013-Ohio-929, ¶ 5, citing *Fox v. Indus. Comm. of Ohio*, 162 Ohio St. 569, 125 N.E.2d 1 (1955), paragraph one of the syllabus. Upon appeal of Salyers's claims to the court of common pleas, the trial court was required to review the matter de novo. *See Krull v. Ryan*, 1st Dist. Hamilton No. C-100019, 2010-Ohio-4422. On appeal, this court reviews the trial court's decision under a manifest weight of the evidence standard. *Bell v. Bur. of Workers' Comp.*, 1st Dist. Hamilton No. C-110166, 2012-Ohio-1364, ¶ 22.

{¶14} The majority opines that there was insufficient evidence before the trial court establishing that Salyers had suffered an "injury," as defined in R.C. 4123.01. Under R.C. 4123.01(C), an "[i]njury" means "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). An exception to the definition of an injury is "a condition that preexisted the injury." R.C. 4123.01(C)(4). An exception to the exception, however, is when a preexisting injury is "substantially aggravated" by the workplace injury. "Such a substantial aggravation must be documented by objective diagnostic findings, objective clinical findings, or objective test results. Subjective complaints may be evidence of such a substantial aggravation. However, subjective complaints without objective diagnostic findings, objective clinical findings, or objective test results are insufficient to substantiate a substantial aggravation." *Id.*

{¶15}   I agree with the majority that there were no objective diagnostic or clinical findings, or objective test results to substantiate Saylers's claim for radiculopathy at L5-S1.  However, regarding Saylers's claims pertaining to his disc bulge at L4-L5, and spondylolisthesis at L5-S1, Dr. Rodway testified that Saylers's subjective complaints of pain were supported by objective test results from an MRI and a CT discogram. Admittedly, Dr. Rodway did offer conflicting testimony concerning whether objective test results documented Saylers's subjective reports of pain.  However, this raises a manifest weight question, not a sufficiency one.  In my view, upon a review of the record, there is no indication that the trier of fact so lost its way in resolving conflicts in the evidence presented as to create a manifest miscarriage of justice warranting reversal. *See Moore v. Buehrer*, 1st Dist. Hamilton No. C-140413, 2015-Ohio-3969, ¶ 9.

{¶16}   For these reasons, I concur in the opinion of the majority only insofar as the claim for radiculopathy.  I otherwise respectfully dissent.


Please note:

The court has recorded its own entry on the date of the release of this opinion.