[Cite as *Koleti v. Mehlman*, 2020-Ohio-2708.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| DILEEP KOLETI, | : | APPEAL NO. C-190015 |
| and | : | TRIAL NO. A-1606520 |
| ANUSHA KOLETI, | : | *O P I N I O N.* |
| Plaintiffs-Appellees, | : | |
| vs. | : | |
| MARTHA MEHLMAN, | : | |
| Defendant-Appellant. | : | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  April 29, 2020


*Cors and Bassett* and *Michael L. Gay*, for Plaintiffs-Appellees,

*Cornetet, Meyer, Rush and Stapleton* and *Thomas W. Jacobs*, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1} Defendant-appellant Martha Mehlman appeals the judgment of the Hamilton County Court of Common Pleas, which awarded $8,833.91 in attorney fees to plaintiffs-appellees Dileep and Anusha Koleti on a claim arising under the Ohio Uniform Fraudulent Transfer Act ("OUFTA"), R.C. Chapter 1336. For the following reasons, we reverse the trial court's judgment.

### Facts and Procedural History

{¶2} The Koletis' case against Martha stemmed from a business deal between the Koletis and Martha's now-deceased husband, Timothy Mehlman. Acting as a real estate broker, Timothy helped facilitate a contract between the Koletis and another individual for the purchase of a gas station and convenience store. The Koletis gave Timothy a $50,000 deposit for the purchase, but later found out that the contract was fraudulent—the individual they contracted with was not the owner of the property. On October 29, 2015, the Koletis filed a lawsuit against Timothy to recover their deposit and punitive damages. A year later, the Koletis obtained a judgment against Timothy for $51,911, plus interest, and sanctions in the amount of $1,072.50. Timothy was also indicted on two counts of theft and one count of unauthorized use of property for depriving the Koletis of their deposit money and obtaining it through deception. Timothy eventually pled guilty to unauthorized use of property, and the counts for theft were dismissed.

{¶3} After obtaining the judgment against Timothy, the Koletis tried to recover their money by garnishing a Fifth Third Bank account into which the money was initially deposited. This account was in Martha's name. The money, however, was withdrawn at some point prior to the Koletis' attempt to collect. On November 29, 2016, the Koletis filed suit against Martha to recover the funds that they were

awarded in their judgment against Timothy. They brought the action solely pursuant to the OUFTA, alleging that Martha had received the Koletis' money from Timothy, and had secreted the funds "in an attempt to defraud her husband's creditors." The Koletis also demanded "fees incurred as a result of [Martha's] fraudulent conduct."

{¶4} On September 14, 2017, the judgment against Timothy was satisfied in full. Timothy died in April of 2018. Still, a bench trial in the case between the Koletis and Martha was held on October 31, 2018, wherein the Koletis, having already recovered their judgment from Timothy, sought only to recover their attorney fees incurred in the action against Martha.

{¶5} At trial, Martha testified that she let Timothy use and deposit any money into the Fifth Third Bank account in her name for his company, Global Commercial Broker. She testified that she signed blank checks from the account and did not make any deposits. She also testified that the money was not hers, and that she did not find it unusual that Timothy was using an account in her name to deposit money for his business until the Koletis filed a lawsuit against her. She said that Timothy told her to open the account because that's what his attorney told him.

{¶6} The trial court entered judgment in favor of the Koletis and awarded them attorney fees in the amount of $8,833.91.

**Analysis**

{¶7} Martha now appeals, asserting two assignments of error. In her first assignment of error, Martha states that the trial court erred in finding in favor of the Koletis. In her second assignment of error, Martha argues that the trial court erred in awarding the Koletis attorney fees that were incurred after the judgment against Timothy had been satisfied.

{¶8} Appellate review of a civil bench trial looks to whether the trial court's judgment is against the manifest weight of the evidence. *Eastley v. Volkman*, 132

Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517. When reviewing the manifest weight of the evidence, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trial court "clearly lost its way and created a manifest miscarriage of justice." *Fischoff v. Hamilton*, 1st Dist. Hamilton No. C-120200, 2012-Ohio-4785, ¶ 11. We are mindful that, in a bench trial, "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶9} "Ohio's Uniform Fraudulent Transfer Act was enacted to create a right of action for a creditor to set aside an allegedly fraudulent transfer of assets." (Internal citations omitted.) *DiBlasio v. Sinclair*, 7th Dist. Mahoning No. 08-MA-23, 2012-Ohio-5848, ¶ 33. This essentially prevents debtors from divesting themselves of assets, either to avoid paying pending claims or in anticipation of future claims by creditors.

{¶10} In this case, the Koletis' cause of action is premised on R.C. 1336.07, which states in relevant part:

(A) In an action for relief arising out of a transfer or an obligation that is fraudulent under section 1336.04 or 1336.05, a creditor * * * may obtain one of the following:

(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the claim of the creditor;

(2) An attachment or garnishment against the asset transferred or other property of the transferee in accordance with Chapters 2715. and 2716. of the Revised Code;

4

(3) **Subject to the applicable principles of equity and in accordance with the Rules of Civil Procedure, any of the following:**

(a) An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

(b) Appointment of a receiver to take charge of the asset transferred or of other property of the transferee;

(c) **Any other relief that the circumstances may require.**

(Emphasis added.)

{¶11} R.C. 1336.04 states, in pertinent part:

(A) **A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor**, whether the claim of the creditor arose before, or within a reasonable time not to exceed four years after, the transfer was made or the obligation was incurred, **if the debtor made the transfer or incurred the obligation** * * *:

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor[.]

(Emphasis added.)

{¶12} Therefore, to succeed on their claim under the OUFTA, the Koletis had to demonstrate by clear and convincing evidence that a transfer made or an obligation incurred by a debtor was fraudulent as to them, as creditors. R.C. 1336.07; *Blood v. Nofzinger*, 162 Ohio App.3d 545, 2005-Ohio-3859, 834 N.E.2d 358, ¶ 36 (6th Dist.). In order to demonstrate fraud, the Koletis had to show that "the debtor made the transfer or incurred the obligation * * * with actual intent to hinder, delay, or defraud." R.C. 1336.04(A)(1). In turn, the Koletis had to demonstrate actual intent by pointing to relevant factors of R.C. 1336.04(B), the so-

5

called "badges of fraud," or via "sound inferences from circumstances surrounding the transaction." *Blood* at ¶ 36.

{¶13} The statute is specific to conduct of the *debtor*. R.C. 1336.04(A), which defines a fraudulent transfer, describes actions of the *debtor* that can turn a transfer into a fraudulent one. (This list is prefaced with the phrase "if the debtor made the transfer"). R.C. 1336.01 defines "debtor" as "a person who is liable on a claim." R.C. 1336.01(F). "Claim" is defined as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." R.C. 1336.01(C).

{¶14} The Koletis argued that the "any other relief" provision of R.C. 1336.07(A)(3)(c) provided them with a right to recover their attorney fees, and that Martha's conduct fell under R.C. 1336.04(A)(1). Specifically, they argued in their brief on appeal that

> the transfer [of their $50,000] was to Martha, an insider[1]; Timothy as the debtor retained control of the property transferred; the opening of the account in Martha's name was concealed from [the Koletis]; [the Koletis'] money was deposited into Martha's account and withdrawn from it after Timothy had been threatened with suit; and the transfer was substantially all of the assets of the debtor related to [the Koletis]. The conduct of the debtor, Timothy, with his insider, Martha, is evidence of actual intent and malice to defraud [the Koletis].

Martha argued that most of the acts about which the Koletis complained were committed by her late husband, as evidenced by the judgment against him, and that

---

[1] An "insider" is defined by the OUFTA to include a relative of the debtor. R.C. 1336.01(G)(1)(a).

any conduct attributed to her was at his direction. But, she agreed with the Koletis' assertions that she did not retain control over the money and was not a debtor.

{¶15} Both parties agreed that the debtor to the Koletis was Timothy, not Martha. Only Timothy was found liable to the Koletis in the judgment they obtained against him. As noted above, R.C. 1336.04 is specific to the debtor and therefore liability for the fraudulent transfer was retained by Timothy, the debtor—who was not a defendant in this cause of action. The Koletis failed to establish that R.C. 1336.04 applied to Martha. The statute does not impute liability for a fraudulent transfer to Martha, as a transferee. Her intent as a transferee was inconsequential. Accordingly, the record does not contain any competent, credible evidence to support the trial court's judgment.

{¶16} The Koletis never pursued Martha as a debtor on their underlying claim, such as by joining her as a party defendant with Timothy. Rather, the Koletis consistently argued that Martha was an insider, as a spouse who received the transfer of the money, and that Martha had no control over the money in the manner of a debtor. While proving that Martha was an insider would enable the Koletis to recover their judgment debt—because it goes towards proving Timothy fraudulently transferred the money to Martha to avoid paying the Koletis back, *see* R.C. 1336.04(B)—it does not help them to recover from Martha. Martha was never liable for the money owed to the Koletis—i.e., the debt on their claim. Therefore, there is no evidence in the record to support the trial court's conclusion that Martha can be liable for any relief provided for under R.C. 1336.07.

{¶17} Martha also argued that the Koletis were not entitled to attorney fees because they did not ask for, or prove that they were entitled to, punitive damages—which Martha argues is a prerequisite to the recovery of attorney fees. In light of our

7

determination above, we decline to reach the issue of whether the Koletis were entitled to attorney fees under the statute. *See* App.R. 12(A)(1)(c).

### Conclusion

{¶18} Because the determination made by the trial court is not supported by the record, the decision was against the manifest weight of the evidence. We therefore sustain Martha's first assignment of error—that the trial court erred in finding in favor of the Koletis. The first assignment of error is dispositive of this appeal. Her second assignment of error—challenging the calculation of attorney fees—is therefore moot and we decline to address it. The judgment of the trial court is reversed, and the cause is remanded with instructions for the trial court to enter judgment for Martha.

Judgment reversed and cause remanded.

**MOCK, P.J.**, and **BERGERON, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.